## OSBORNE v. OSBORNE.

1. TITLE TO LANDS BY DESCENT—JURY TRIAL.—Where plaintiff, claiming to be the widow of an intestate, brings action against his only other heir at law, who is also administratrix, for account of the personalty and partition of the realty in defendant's possession, and the answer denies that the plaintiff is widow, or, as such, entitled to any portion of this property, an issue of title to the land is raised, and on this issue defendant is entitled to demand a trial by jury.

Before WITHERSPOON, J., Laurens, September, 1893.

Action by Sallie A. Osborne against Eliza D. Osborne, in her own right and as administratrix.

*Messrs. Simpson & Barksdale,* for appellant.

*Mr. W. H. Martin,* contra.

April 4, 1894. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. William K. Osborne on April 5, 1891, departed this life, seized and possessed of the tract of land described in the complaint, and a small personal estate. He died intestate, and on May 14, 1891, the defendant, Eliza D. Osborne, was duly appointed administratrix of said deceased and took possession of his personal effects; and being the only sister of the whole blood of the intestate, who died

without children or grand-children, she claimed to be the only heir, and took possession of the tract of land of which the intestate died seized and possessed.  On December 22, 1892, the plaintiff, Sallie A. Osborne, claiming to be the widow of the intestate, William K. Osborne, instituted these proceedings against the administratrix for an account of the personalty, and partition and division of the tract of land described in the complaint.  The defendant "alleges that she has no information sufficient to form a belief as to whether the plaintiff is the widow of the said William K. Osborne, deceased, and, therefore, demands the proof.  That if the plaintiff was ever lawfully married to the said William K. Osborne, deceased, she voluntarily left him about the year 1871, and went away with her advoutrer," and continued to remain away "from, and refused to return to him, during the remainder of his lifetime, a period of some twenty years, and thereby forfeited all right of inheritance, and all or any interest whatever to his estate," &c.

Upon reading the pleading, the defendant claimed that a question of title was raised, which she was entitled to have tried by a jury, and asked that the question of title be submitted to the jury.  The court refused the motion.  The defendant then claimed that, upon the allegations in the answer, as to the plaintiff going away with an advoutrer, making an affirmative defence, the defendant was entitled to "open and reply," which was also refused.  The court then proceeded with the trial (the evidence is not in the record), and found that, on 28th October, 1872, the plaintiff and William K. Osborne, the intestate, were lawfully married, and at the time of his death his only heirs at law and distributees were his widow, Sallie A. Osborne, the plaintiff, and the defendant, his only sister of the whole blood.  I find also, as matter of fact, that the plaintiff did not go away with an advoutrer, or remain with one, and has not forfeited her inheritance in her husband's estate.  And he ordered the land sold and the estate divided equally between the plaintiff and the defendant.

From this decree the defendant appeals to this court upon a number of exceptions; but, as the testimony is not before the court, it will be unnecessary, indeed, impossible, to consider

any of them except the *four first*, as follows: 1. Because his honor erred in not holding that the issue of title to the land sought to be partitioned herein, was raised by defendant's answer, and should be tried by a jury. 2. Because he erred in overruling the motion, made by defendant, to have the issue of title tried by a jury. 3. Because he erred in rendering a decree in said cause before the issue of title made by the pleadings was determined by a jury. 4. Because he erred in holding that defendant was not entitled to "open and reply" upon the affirmative defence set up in the eighth paragraph of defendant's answer.

Exceptions 1, 2, and 3 impute error to the Circuit Judge in refusing to grant the motion of the defendant to have the "issue of title to the land in contention determined by a jury." The plaintiff, claiming to have an undivided interest of one-half in the whole property, real and personal, instituted this proceeding for partition and account, &c. The defendant denied the claim that the plaintiff was tenant in common with her, or had any interest in the property whatever. We suppose that the Circuit Judge, sitting on the equity side of the court, had the right to entertain and decide all questions that could arise as to the personal property, taking the account, &c. But section 274 of the Code provides, that "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived," &c. The plaintiff claims one-half the land, while the defendant claims the whole; did that not make an issue as to title, in the sense of the Code? It may be that the question, whether the plaintiff is entitled to one-half of the land, will depend upon her being able to show that she is the legal widow of the intestate; yet, still, as we understand it, that would be only a probative fact upon the issue of title or no title.

As was said by Mr. Justice McIver in the case of *McGee* v. *Hall*, 23 S. C., 391: "The action was in no sense an action for the recovery of real estate, in the nature of an action of ejectment or of trespass to try titles. It was strictly an action in partition, based upon the plaintiff's construction of the will of David Hall and the rights of Lemuel Hall in the land, arising

upon his purchase, &c.   And the right of the plaintiff to the
partition demanded depended upon the fact, whether they had
properly construed said will and the sale under the foreclosure
proceedings.''   If the fact, that the will of David Hall had been
properly construed, determined the question as evidence in that
case on the issue of title, why may not the fact, whether the
plaintiff is the lawful widow of the intestate, be considered as
only a probative fact upon the question of title in the case at
bar?   We think it was error in the Circuit Judge to refuse the
motion to have the question of title raised referred to the jury.
See *Ransom* v. *Anderson*, 9 S. C., 438;   *Reams* v. *Spann*, 28 *Id.*,
530;   *Carrigan* v. *Evans*, 31 *Id.*, 262;   *Marshall* v. *Pitts*, 39 *Id.*, 390.

The judgment of this court is, that the judgment of the Cir-
cuit Court be reversed, and  the case remanded for such orders
as may be thought necessary to carry out the conclusions herein
announced.