## BARNES v. RODGERS.

1. PARTITION.—NONSUIT should not be granted on trial by jury of an issue of title raised by an answer in a partition case. *Brock* v. *Nelson*, 29 S. C., 49, *distinguished from this.*
2. NONSUIT.—Sufficient testimony of title in plaintiff to carry case to jury.
3. JUDGMENT *non obstante veredicto* can only be given for plaintiff.
4. CHARGE did not limit jury to finding one-third of land for plaintiff, but it would not have been error to do so here, as he only claimed one-third interest.
5. PARTITION.—A decree for partition necessarily follows the finding by the jury that the plaintiff is entitled to one-third of the land.
6. IBID.—An order directing the issuance of a writ in partition need not state specifically the duties of the commissioners, as under the Rev. Stat., 1950, they are set out in the writ.
7. ACCOUNTING—TAXES.—ONE TENANT IN COMMON can set off taxes paid on the common property against rents and profits.

Before GARY, J., Sumter, March, 1898. Modified.

Action for partition by Henry N. Barnes *v.* Francis S. Rodgers. Defendant having claimed in her answer the land in fee, the issue of title was submitted to the jury, whom the Judge charged as follows:

This is a suit in equity, brought on the equity side of the Court. The defendant's answer denies that the plaintiff had title. You remember that the complaint of the plaintiff alleges that he is the owner of one-third interest in the tract of land described in the complaint (I believe it is said tŏ contain 130 acres). He asks that it be partitioned. In other words, that his one-third of the 130 acres be set off to him.

But the defendant denies that he is the owner of the one-third interest in the land. This makes the issue of title. The law says that where issues as to title to real estate is found in an equity case, that title must be tried by a jury and for that reason this issue as to title is submitted to you. So your inquiry will be, Is the plaintiff entitled to one-third interest in that tract of land, which is said to contain 130 acres, more or less? If you find that he is, then we take it on the equity side of the Court and see what the respective rights of the parties are in reference to it. If you find that he is not, that ends the case right there. The suit is bottomed on the fact that he claims to be the owner of one-third interest in this real estate. That issue is for you to determine. It is proper that I should charge you, that in determining this question, the law lays down certain rules by which title to real estate can be tested. If you find that the defendant is in quiet, peaceable possession of this land, before he can be ousted, the party claiming to be the owner of it must show one of the following state of facts: First, that he traces his title to a grant from the State of South Carolina, or that he traces his title back to certain parties or certain persons who have been in adverse possession of it for twenty years or more, and the law will presume a grant, under that state of facts. To presume a grant from the State of South Carolina, the law says he must prove that he has been in possession or claim under a possession of ten years or more. The law would say that he had legal title. Or he must go back to a common source. That he can trace his title from some one from whom the defendant traces his title, and when he gets to a common source, the question is then, who has the better title. In other words, if two parties claim a tract of land from "A," each claim from "A" in adjusting that title you need not go farther back than "A," both claiming their title from "A." In going back to a grant from the State or the presumption of twenty years, or ten years, the question is who has the better deed. Who had the older deed or prior deed. That is the general rule to be laid down. In

presuming a grant the law is, that uninterrupted possession
in any one, or if he held for the whole period of twenty
years, or if he held for a certain period, and he claims from
some one else, and he from some one else for certain period,
that by reason of these periods of possession taken together,
if it be a possession of twenty years or more, the law pre-
sumes that these parties have a grant from the State of South
Carolina. The object is to quiet title to real estate. That
after certain length of time the law presumes a man who
has been in possession of real estate for a certain length of
time, twenty years or more, the law presumes that he has a
grant to it. If a party holds adversely for ten years, he se-
cures a legal title—that is, such title as would give him the
right to occupy and possess that land. He must show that
it was adverse and continued. He can't show that he held it
for five years and the party from whom he bought held it for
five years. He must show that he himself has held it for ten
years, to get legal title. That is the general rule in adjust-
ing title to real estate. The plaintiff in this case contends
that he claims title from Eadie Dunn, and it is contended
that Eadie Dunn and her brothers and sisters and nephews
have been in possession of her share and of their portion
of the land uninterrupted for a period of twenty years or
more. The rule is that he who asserts title to real estate
must not only show that he has a strong title, but he must
show that he has a perfect title, and must recover on the
strength of his title and not on the weakness of the party in
possession. The burden is upon the plaintiff to show a per-
fect title, either by adverse possession for ten years con-
tinued, or twenty years presumption, or a grant from the
State, or common source, and that it is a better and superior
title. If you find that the plaintiff made his case, that he is
entitled to one-third of the land described in the complaint,
the form of your verdict will be, we find for the plaintiff one-
third, we find that the plaintiff is entitled to one-third of the
land described in the complaint. If you find that he has
failed to make out his case by the preponderance of the evi-

dence, then you simply say, we find for the defendant: We find for the plaintiff one-third of the land described in the complaint, or, then, we find for the defendant.

Take the record and write out your finding and sign your name as foreman. You can write out your verdict on a separate piece of paper or upon that complaint, and after you find your verdict, we will take the case on the equity side of the Court and determine the rights of the parties.

The jury found the plaintiff entitled to one-third of the land, and the Court ordered the writ in partition to issue. Defendant appeals on the following exceptions:

1. Because his Honor, the presiding Judge, erred in not granting the defendant's motion for a nonsuit, and erred in not withdrawing the case from the jury and giving judgment for the defendant, when it appeared at the close of the plaintiff's case that the defendant held the deed from one W. S. Barnes (by the master), which not only did not show common source, but pointed to a different source of title, and upon this showing by the plaintiff he should have been nonsuited or judgment given for the defendant.

2. Because his Honor, the presiding Judge, committed error in his charge to the jury as whole. In that: 1. In the beginning of his charge, his Honor stated to the jury, "You remember that the complaint of the plaintiff alleges that he is the owner of one-third interest in the tract of land described in the complaint (I believe it is said to contain 130 acres). He asks that it be partitioned—in other words, that his one-third of the 130 acres be set off to him." In referring to the claim set up by the plaintiff, his Honor erred in saying, "In other words, that his one-third of the 130 acres be set off to him," for by so referring to the claim of the plaintiff, his Honor erred in using the words, "his one-third," charged upon the facts, and gave in that expression the conclusion to the jury that the plaintiff should have one-third of the land set off to him.

3. His Honor erred in charging the jury: "So your inquiry will be: Is the plaintiff entitled to one-third interest in

the tract of land which is said to contain 130 acres, more or
less?   If you find that he is, then we take it on the equity
side of the Court, and see what the respective rights of the
parties are in reference to it.   If you find that he is not, that
ends the case right there.   The suit is bottomed on the fact
that he claims to be the owner of one-third interest in this
real estate.   That issue is for you to determine."   Because:
(a) Such charge limited the jury to finding for the plaintiff
one-third part of the land, and they could not do otherwise
if they found any interest at all for the plaintiff, and the de-
fendant was thereby deprived of the benefit of all proof in
the case tending to show that the plaintiff's rights, if any at
all, embraced less than one-third of the land.   (b) Such
charge was a charge upon the facts, and was equivalent to
his Honor saying to the jury that if the plaintiff was entitled
to anything, he was entitled to one-third of the land, and em-
bodied in it the expression of his Honor's opinion of the
weight to be given to the evidence, and was contrary to the
Constitution and laws of this State.

4. His Honor erred in charging the jury: "If you find
that the plaintiff has made his case that he is entitled to one-
third of the land described in the complaint, the form of
your verdict will be, we find for the plaintiff one-third—we
find that the plaintiff is entitled to one-third of the land de-
scribed in the complaint.   If you find that he has failed to
make out his case by the preponderance of the evidence, then
you simply say, we find for the defendant—we find for the
plaintiff one-third of the land described in the complaint, or
then, we find for the defendant."   In that: (a) If the jury
found any interest at all for the plaintiff, they had no other
alternative than to find one-third part of the land for him,
whereas it should have been submitted to them to find a
one-third, or less interest for the plaintiff if they found for
him at all.   (b) Such charge was contrary to the Constitu-
tion of this State, prohibiting a charge upon the facts.   Di-
recting the jury to find for the plaintiff one-third of the land,
or else to find for the defendant, was summing up and giv-

ing the jury the Judge's conclusion as to, and his opinion upon, the facts of the case.

5. Because his Honor erred in allowing the jury to find one-third of the 130 acres described in the complaint, when the deed of A. M. Dunn and others to the plaintiff, put in evidence by him, showed that if the plaintiff had any claim at all it was one-fifth of 217 acres, less Mrs. Barnes' share as heir at law of Eadie Dunn.

6. Because his Honor erred in allowing the jury to find any part of the 86 acres of the land in dispute for the plaintiff, when the proof was that there had been a parol partition, and Eadie Dunn's share claimed by the plaintiff was between the lands of Susan Barnes, 86 acres—admitted to be owned by the defendant—and one Philip Dunn's share, and the plaintiff could not recover any part of the 86 acres so set apart.

7. Because his Honor erred in refusing to grant a new trial, and erred in not giving judgment for the defendants. In that: (a) The plaintiff claimed under a deed from A. M. Dunn and others purporting to convey one-fifth of 217 acres, and his contention was that he was entitled to one-third of 130 acres described in the complaint. (b) The proof in behalf of the plaintiff was, that Eadie Dunn's share had been set apart to her in kind—two-fifths to Susan Barnes (of the 217 acres), on the one side, and two-fifths to —— Dunn on the other, and Eadie's in the centre.

8. Because his Honor erred in granting the order for partition. 1. Because the verdict is for one-third part of the land, and not being for an undivided one-third part thereof, did not warrant an order of partition to issue; and if the verdict was intended to conform to the plaintiff's contention— *i. e.*, to give the plaintiff 44 acres of the 130 acres, then it does not sufficiently describe the 44 acres, nor could a writ of partition locate the part so found—nor would the Court of Equity have any jurisdiction in such case to order a writ of partition to issue. 2. The order of partition is erroneous, in that it directs the clerk of the court to issue a writ di-

rected to fit and suitable persons, "directing them to go upon said premises and admeasure and lay out unto the plaintiff one-third part thereof, and to the defendant two-thirds parts thereof, their respective interests, according to law and the practice of this Court," in that under such direction the commissioners who may be appointed to make partition have no other alternative than to lay out the land in kind—one-third to the plaintiff and two-thirds to the defendant; and the order should have been in conformity with the statute of this State, which commands the commissioners, if they cannot make partition in kind, to assess the value of the whole property and make a special return of the whole property to the Court.    3. Because the proof is conclusive that the defendant owned 86 acres of the land by metes and bounds, and in no event could an order issue to divide this 86 acres in any proportions between the plaintiff and the defendant.

9. Because his Honor erred in not providing in his decree for the master to take an account of the taxes paid by the defendant, when the same was claimed by him.

*Messrs. Purdy & Reynolds,* for appellant, cite: *Trial of title by jury in equity case raised by answer is without sending out issues, and nonsuit should have been granted as in law case:* 52 S. C., 236; 28 S. C., 44, 364; 51 S. C., 461; 47 S. C., 446.    *The case has no equity in it, and judgment should have been given defendant, non obstante veredicto·* 17 S. C., 421.

*Mr. H. L. B. Wells,* contra, cites no authorities.

January 6, 1899.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.    The plaintiff brought this action for the partition of a tract of land, containing about 130 acres, alleging that he was entitled to one undivided third interest therein, the defendant being the owner of the remaining two-thirds, and claiming an account for the rents

and profits received by the defendant.    The defendant an-
swered, denying that plaintiff had any interest in the land,
and claiming that he was the sole owner of the same.    The
case was heard by his Honor, Judge Ernest Gary, who re-
ferred the issue of title raised by the pleadings to the jury for
trial.    The jury rendered a verdict in favor of the plaintiff
for one-third interest in the land described in the complaint.
Thereupon the defendant moved for a new trial, and · for
judgment, notwithstanding the verdict, both of which mo-
tions were refused, and the Circuit Judge granted an order
in the following form: "That a writ of partition do forth-
with issue by the clerk of this court directed to fit and suit-
able persons, directing them to go upon said premises and
admeasure and lay out unto the plaintiff one-third part
thereof, and to the defendant two-thirds thereof, their re-
spective interests in said premises, according to law and the
practice of this Court.    Further ordered, that it be referred
to the master of Sumter County to take testimony and de-
termine the rents and profits, and report the same to this
Court with all convenient speed."

· From this judgment the defendant appeals upon the sev-
eral grounds set out in the record, which, together with the
charge of the Circuit Judge to the jury, should be incorpo-
rated in the report of this case.    These exceptions or
grounds of appeal present the following questions for the
decision of this Court:  1st. Whether there was error in re-
fusing the motion for a nonsuit.  2d. Whether there was
error in refusing the motion for judgment *non obstante ver-
edicto,* in favor of defendant.  3d. Whether the Circuit
Judge erred in invading the province of the jury by charging
on the facts.  4th. Whether the Circuit Judge, in his
charge, limited the jury to finding for the plaintiff a one-
third interest in the land; and, if so, whether he erred in so
doing.  5th. Whether the seventh exception can be sus-
tained.  6th. Whether there was error in the form and
scope of the order for writ of partition.  7th. Whether
there was error in that portion of the order directing the

master to take an account of the rents and profits, in not providing that the defendant should have credit for the taxes paid on the land.

1st. As to the motion for a nonsuit. It does not seem to us that a motion for a nonsuit is appropriate in a case like this. Where, in an action for partition, one or more of the defendants sets up an independent title in himself, claiming the sole ownership of the premises sought to be partitioned, the question of title thus presented must first be determined, and that can be done only by the verdict of a jury, unless that mode of trial is waived. A judgment of nonsuit is not a final determination of the issue of title, and as that is the object sought to be attained, it does not seem to us that a motion for a nonsuit can, properly, be entertained in a case like this. If the actor in the issue of title offers no testimony tending to establish his claim, the verdict of the jury against him would necessarily follow; and that would finally determine the issue of title, unless it was set aside by proper authority. So that no harm can come from refusing to entertain a motion for nonsuit in a case like this. In support of these views see separate opinion in *McClenaghan* v. *McEachern,* 47 S. C., 451, and the case of *Woolfolk* v. *Graniteville Manufacturing Company,* 22 S. C., 332, therein cited. The case of *Brock* v. *Nelson,* 29 S. C., 49, cited by counsel for appellant, is not in conflict with our view. For in that case, the defendants, Sullivan & Bro., who raised the issue of title, waived their right to have such issue tried by a jury, and hence the whole case was before the Circuit Judge for trial of all the issues presented therein; and he, being satisfied that the plaintiffs had failed to show that the tract of land in question ever constituted any part of the estate of intestate of which the plaintiffs, as his heirs, demanded partition, granted an order which, though in form sustaining the motion for a nonsuit, was in fact a judgment in favor of the defendants, Sullivan & Bro., and was so treated by the Supreme Court.

Besides, we are of opinion that some testimony was of-

## 124 BARNES v. RODGERS.

fered by the plaintiff tending to show that he was entitled to a one-third interest in the land in question, and, therefore, upon that ground also there was no error in refusing the motion for a nonsuit, even if such a motion is appropriate in a case like this. There was testimony tending to show that the land in question constituted a part of the real estate of one Tempe Dunn, of which she and those claiming under her were in the undisputed possession for a period exceeding twenty years; that as far back as the year 1871, a tract of land containing 217 acres, which was a part of the real estate of the said Tempe Dunn, became vested in five of her children; that by subsequent transfers, Phillip Dunn, one of said children, acquired a two-fifths interest in said tract, and Susan Barnes, another of said children, became vested with another two-fifths of said land, and the remaining one-fifth remained vested in Eadie Dunn, another of said children; that subsequently, by a parol partition, the two-fifths interest of said Phillip Dunn was laid off to him, leaving the remaining 130 acres, in round numbers, disregarding fractions, vested in Susan Barnes and Eadie Dunn, in the proportion of two-thirds to Susan Barnes and one-third to the said Eadie Dunn—one-third of 130 acres being, substantially, equivalent to one-fifth of 217 acres; that subsequently the interest of Susan Barnes was sold and conveyed to the defendant, Rodgers, under proceedings to foreclose a mortgage, executed by one W. S. Barnes, a son of said Susan Barnes, with her consent and approval, to Hearon Brothers, and by them transferred to the Atlantic Phosphate Company; for while it is true that said mortgage purported to cover the whole of the 130 acres, yet as it did not appear that Susan Barnes had ever acquired the interest of her sister, Eadie Dunn, therein, nothing but the interest of the said Susan Barnes could be sold under said mortgage; and that after the death of the said Eadie Dunn, her heirs conveyed such interest to the plaintiff, which as we have seen was, practically, an undivided third part of the 130 acres remaining after the two-fifths interest in the 217 acres of Phil-

lip Dunn had been laid off to him by the parol partition.    So
that it is very clear that there was testimony sufficient to
carry the case to the jury, and which, if viewed by the jury
in the light in which we have presented it, was quite suffi-
cient to sustain their verdict.

To dispose of the second question, it is only necessary to
refer to the case of *Bowdre* v. *Hampton*, 6 Rich.,
208, in which it was held that judgment *non obstante
veredicte* can be rendered only for a plaintiff; · and
hence there was no error in refusing defendant's motion for
such a judgment.

As to the third question, we do not see anything in the
Judge's charge violative of the constitutional provision for-
bidding a charge upon the facts.·  In the first place, the jury
were distinctly instructed in the outset of the case, that they
were to inquire: "Is the plaintiff entitled to one-
third, or any, interest in that land described in the
complaint?   You try the question whether the plain-
tiff is entitled to any interest in this land?   If you find that
he is the owner, what part?"   And when, after the close of
the testimony and the arguments, the Circuit Judge in his
charge used the expressions, quoted in the exceptions, upon
which this question is raised, it is very manifest that the Cir-
cuit Judge was not expressing or even intimating his own
opinion as to the extent of the plaintiff's *right,* but only ex-
plaining to them what was plaintiff's *claim.*   Indeed, we are
of opinion that an examination of the charge will afford a
complete vindication from the charge of error in invading
the province of the jury.   The fourth question is disposed of
by what we have said in regard to the third question;  for
we do not think that the Circuit Judge limited the jury in
any way in regard to the extent of their finding, if they
should conclude to find anything for the plaintiff.   He
simply explained to the jury what was the plaintiff's claim,
and left it to them to say whether such claim was established
in whole or in part;  and even if he had, we do not see that
there was any error in so doing, for the only claim that the

plaintiff made was for an undivided one-third of the 130 acres, and, in our judgment, the only question for the jury was whether such claim had been established by the testimony.

As to the fifth question, we do not see that the seventh exception is tenable. The plaintiff was not suing for the recovery of any specific number of acres of land, but, on the contrary, his action was for partition of a tract of land described in the complaint, containing 130 acres, in which he claimed a one-third interest, and when the jury returned a verdict in his favor for "one-third interest in the land," his right to have partition of the same necessarily followed.

The sixth question is as to the sufficiency of the form and scope of the order for the writ of partition—the defect claimed being that it did not provide, in terms that, if the commissioners in partition should be of opinion that the land could not be fairly and equally divided between the parties without manifest injury to one or the other of them, that they should make a special return, appraising the value of the property, and certifying their opinion whether it would be most for the benefit of all parties to deliver to one of the parties the whole property, upon the payment of a sum of money to be assessed by the commissioners, or to sell the same and divide the proceeds between the parties according to their respective rights. While the statute (sec. 1950 of the Rev. Stat. of 1893) does provide that these provisions shall be inserted in the *writ of partition* for the guidance of the commsisioners in the performance of their duties, we know of no law or practice requiring such provisions to be inserted in *the order* for the writ of partition to issue, and we are unable to perceive any necessity to encumber the order, with any such provisions, especially where the order, as in this case, requires the writ to be issued "according to law and the practice of this Court." It is clear, therefore, that the exception raising this point cannot be sustained.

The only remaining inquiry is the seventh, which raises the point that in the order directing the master to take the account of rents and profits, there was error in omitting to provide that upon such accounting, the defendant should be allowed credit for any taxes which may have been paid by him on the land.   While the order, liberally construed, may possibly be regarded as sufficient to allow such credits on the accounting, yet, to avoid any misapprehension, it may, perhaps, be best to modify the order in this respect, so as to require the master in taking the account of the rents and profits to allow the defendant credit for the amount of any taxes on the land which he may have paid.

The judgment of this Court is, that the judgment of the Circuit Court, as modified herein, be affirmed.