## HALL v. McBRIDE.

AN ORDER REFERRING a case to take the testimony in cause in which it is sought to have a statute declared unconstitutional, is not appealable, although the defendant admits the allegations as to the unconstitutionality of the statute and joins in the prayer of the complaint.

Before ALDRICH, J., Florence, June, 1904.  Affirmed.

Action by M. N. Hall and wife against James B. McBride, supervisor, and J. G. Woodbury and D. H. Traxler, county commissioners, and J. O. McLendon, country treasurer, of Florence County.  Circuit Judge made following order:

"This is an action for permanent injunction and other relief, instituted on August the 6th, 1902, and now comes before this Court upon the motion of the plaintiffs, after notice for an order of reference.

"Briefly stated, the action is to obtain a judgment in favor of the plaintiffs, adjudging that the general stock law is of force in townships described in the complaint, and that the acts exempting said townships are unconstitutional, or has ceased to be operative, for the reasons alleged in the complaint.  The acts alleged to be unconstitutional are acts of 1900 and 1885.  And it is also alleged that the act of 1885, if constitutional, is for the facts stated in the complaint, now inoperative and no longer of force.

"The answer, after admitting certain allegations of the complaint, to which it is not necessary to further specifically refer, alleges: 'The defendants have been advised and believe that the provisions of the said act 1900, levying a tax on live stock within said exempted district, is in conflict with article X., sections 1 and 5, of the Constitution of 1895,' but 'deny, on information and belief, each and every other allegation of the complaint,' and join in the prayer of the complaint, 'that the levy and collection of said tax be enjoined.'

"The prayer of the complaint is no part thereof and the prayer of the answer is of no greater importance.

"The defendants did not demur to the complaint or move in any way to strike out any part of the complaint. The objection to the order of reference by the defendants was that the defendants had admitted and consented all the relief to which the plaintiffs were entitled to as against plaintiffs, and yet defendants deny emphatically all of the other material allegations of the complaint.

"His Honor, Judge R. O. Purdy, by his order of April 14th, 1904, refused a motion to submit certain issues of fact to a jury for trial.

"I am very much in the position in which Judge Purdy was. The action is not before me upon its merits. I only have the motion for reference to consider. A motion to refer the case to take testimony is a matter in the discretion of the Court. While I cannot make a final judgment in this case upon this motion, I am of the opinion that the plaintiffs have the right to be heard upon the constitutionality of the act of 1885 and also upon the issue joined by the pleadings, whether or not the act of 1885 has for the facts alleged in the complaint ceased to be operative or of force and effect. These last allegations depend upon the facts to be decided by the Court, should these issues be reached. In my judgment, this testimony should be had and an order of reference is best calculated to expedite the cause, because it is seldom in the stress of Court work that testimony can be taken, there is so little time.

"Wherefore, it is ordered, that this action be referred to J. W. McCown, Esq., as special referee, to take the testimany and report the same to the Court with convenient speed.

"That the said special referee, along with the other evidence, do take and report the testimony as to whether or not the fence provided for by the act of 1885 has been maintained in such condition as to prevent the escape of live stock

to or from the territory described in the complaint, as exempted from the operation of the stock law.

"Whether or not the fence provided by the act of 1885 has been removed from its original line or any part thereof.

"And such other testimony as may by either party be submitted."

Defendants appeal on following exceptions:

"I. The Court below erred in making and passing the order of reference in this cause, dated the 16th day of June, 1904, but the said Court should have held that under the pleadings no order of reference was proper.

"(a) The answer having admitted the unconstitutionality of the act of 1900 and the invalidity of the tax authorized to be levied thereunder, and having joined with the complaint in asking that the only acts or threatened acts of the defendants complained of be enjoined, the plaintiffs are entitled to the full relief incident to their cause of action, and there was no material or relevant issue of facts to be referred.

"(b) The defendants, being parties to the action, only as officials and only official acts or threatened acts being alleged, and the defendants having admitted that the sole authority of the said official acts, to wit: the act of 1900, is unconstitutional, there was no issue to be tried by the Court or a reference.

"II. The Court below erred in holding that this is 'an action to obtain judgment in favor of the plaintiffs adjudging that the general stock law is of force in townships described in the complaint, and that the acts excepting said townships are unconstitutional or has ceased to be operative.' But the Court below should have held that the action was for the purpose of enjoining certain official acts or threatened official acts of the defendants, to wit: the levy and collection of the tax under the act of 1900 and that the unconstitutionality of the said acts was a mere incident to said cause of action.

"III. The Court below erred in holding that the plaintiffs have a right to be heard on the constitutionality of the act

of 1885, but the said Court should have held that the defendants had and claimed no authority under the act of 1885, that the same conferred no duties on them and that said act was irrelevant to the said cause of action.

"IV. The Court below erred in holding that the plaintiffs had a right to be heard upon the issue joined by the pleadings whether or not the act of 1885 has, for the facts alleged in the complaint, ceased to be operative or of force and effect; but the said Court should have held that there being no valid acts to sustain the levy and collection imposed by the act of 1900, and this being the sole authority for the alleged acts or threatened acts of the defendants, the question whether the fence had been kept up or the act become inoperative, has become irrelevant and immaterial to the cause of action.

"V. There being no issue of fact material to the cause of action or necessary to the complete determination of the cause raised by the pleadings, the Court below abused its discretion in ordering the taking of testimony in the cause."

*Messrs. J. W. Ragsdale, Geo. Galletly* and *J. P. McNeil,* for appellants.

*Mr. W. F. Clayton,* contra.

February 15, 1906.    The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order of reference to take testimony.

The facts are stated in the order, which, together with the exceptions, will be set out in the report of the case. The case of *Ins. Association* v. *Berry,* 53 S. C., 129, 31 S. E., 53, shows conclusively that such order is not appealable.

It is the judgment of this Court, that the appeal be dismissed.

MR. JUSTICE WOODS *concurring.* I concur in dismissing the appeal. In an ordinary case, when the defendant admits

the material allegations of the complaint and consents to the relief demanded, I think it would be error of law for the Circuit Court to put the parties to the expense of a reference, but no Court is bound to decree an act of the General Assembly unconstitutional and adjudge the rights of the parties accordingly, merely because the plaintiff has alleged and the defendant has admitted the unconstitutionality of the statute. Because of the public interest involved, it is a well recognized duty of courts not to declare a statute unconstitutional if the facts fairly admit of any other legal solution of the issues.

It was, therefore, within the discretion of the Circuit Court to order a reference to take the testimony, for it may appear from the facts that the question of the constitutionality of the statutes referred to in the complaint and answer is not necessarily involved in the decision of the case.