7349

WILLIAMS v. NEWTON.

1. APPEAL—EQUITY.—An action brought to set aside so much of a will as gives more than one-fourth of testator's property to a bastard child and to have the excess partitioned among the heirs at law is in equity, and an order referring the case to take the testimony and to state the account is not appealable.
2. ISSUES—REFERENCE.—Whether an investigation requires the decision of difficult questions of law, so as to give a party the right of trial by the Court, is for the Judge.

Motion in this Court in case of Mary B. Williams against R. C. Newton, as trustee and executor, *et al.,* to dismiss the appeal of the defendants.

*Messrs. Livingston & Muller,* for the motion.

*Messrs. Newton & Owens,* contra.

October 29, 1909.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    This is a motion to dismiss the appeal herein on the ground that the order appealed from is not appealable.

In the former appeal in this case (82 S. C., 227) this
Court affirmed the order of the Circuit Court that the two
causes of action set up in the complaint be divided into two
separate and distinct actions, and be docketed accordingly.
It also held that plaintiff could not be required to make her
election whether she would take dower in the lands of her
deceased husband, which she claimed in the first cause of
action, or her distributive share in his estate, which she
claimed in the second cause of action, in which she also
sought to have his will set aside until she had opportunity
to be fully informed as to the condition of his estate and
her rights therein, and that the action for dower could not
be tried until the action to set aside the will was decided.
The complaint in that action alleged, in substance: 1. That
Frank Williams died, leaving plaintiff as his widow.   2.
That at his death he was seized and possessed of certain
real estate and considerable personal property.   3 and 4. The
execution of his will, giving all his property to McCall, as
trustee, for the use and benefit of the defendant, Quick,
with contingent remainders over to the defendant, Williams,
and his heirs.   5. That Quick is the bastard child of the
testator, born to him while she was his wife.   6. That she
has never received any part of his estate.   She prays judg-
ment: 1. That the will be adjudged void as to her, in so far
as it attempts to give for the benefit of Quick more than
one-fourth the clear value of testator's estate, and that her
interest in the estate be set apart to her.   2. That the
executor and trustee be required to account.   3. That the
will be construed and her rights established; and 4. For
general relief.

The answer of the trustee to this action, with which alone
we are now concerned, denies all the allegations of the com-
plaint except those as to the execution of the will, appointing
McCall executor and trustee, and the execution of the deed
from John Manning to said McCall, which it admits are
correctly set out as exhibits to the complaint, and alleges,
on information and belief, that plaintiff has assigned all the

interest claimed by her in this cause to another, and that she has no legal status in the action; that he holds the funds of the estate under the provisions of said will and deed, and that plaintiff has no rights therein.

The answer of Quick, the infant defendant, was formal, submitting his rights to the protection of the Court. The defendant, Williams, does not appear to have answered.

The case was docketed on Calendar. 2. The plaintiff's attorneys moved before his Honor, Judge Watts, on notice, for an order to refer the case to some suitable person, as referee, to take the testimony and report the same, together with his conclusions of law and fact. The defendants' attorneys resisted the motion, and submitted affidavits that the investigation of the case would require the decision of difficult questions of law.

His Honor passed an order referring the case to a referee "to take the testimony and report the same to this Court; also to make a statement of account in accordance with the contention of each party and report the same."

The defendants appealed on the grounds: 1. That they were entitled to a trial by jury. 2. That the case is not one of that class of cases which the Court has the right to refer, without consent. 3. That the decision of difficult questions of law was involved. 4. That defendants had the right to a trial by the Court.

The granting or refusing of an order of reference is in the discretion of the Circuit Judge, and it is not appealable, unless in granting it a party is deprived of the mode of trial to which he is entitled by law. *Ferguson* v. *Harrison,* 34 S. C., 169, 13 S. E., 332; *Devereaux* v. *McCrady,* 49 S. C., 423, 27 S. E., 467.

The first question for our consideration, therefore, is whether the case is one at law or one of equitable cognizance? Sec. 2487, vol. I, Code 1902, provides: "If any person, who is an inhabitant of this State, or who has any estate therein, shall beget any bastard child, or shall live in adultery with a woman, the said person having a wife or

lawful children of his own living, and shall give, by legacy or devise, for the use and benefit of the said woman with whom he lives in adultery, or of his bastard child or children, any larger or greater proportion of the real clear value of his estate, real or personal, after paying his debts, than one-fourth part thereof, such legacy or devise shall be null and void for so much of the amount or value thereof as shall or may exceed such fourth part of his real and personal estate." · This action is brought primarily to have the will of Frank Williams declared void, in so far as it gives to the trustee, for the benefit of his alleged bastard son, more than one-fourth of his estate, and to have the excess partitioned betwen the heirs at law of said Williams. It is clear that the case is one of equitable cognizance, and that a jury trial is not demandable as of right. This Court has so held. *Williams* v. *Halford,* 64 S. C., 396.

In such cases, under the statute, the will is not wholly void (*Ford* v. *McElray,* 1 Rich. Eq., 474), but only in so far as it gives, for the use and benefit of a mistress, or bastard child or children, more than one-fourth the clear value of the testator's estate, and the estate is to be administered under the will in the usual manner. *Hull* v. *Hull,* 2 Strob. Eq., 174. An accounting is always necessary to ascertain the clear value of the estate, after the payment of debts, which is peculiarly a matter of equitable cognizance.

Section 293 of the Code provides: "Where the parties do not consent the Court may, upon the application of either, or of its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference in the following cases:

2. "Where the taking of an account shall be necessary for the information of the Court, before judgment, or for carrying a judgment or order into effect."

It is clear that, under the foregoing provision of the Code, his Honor had the right to pass the order of reference. The exception referred to in the section above quoted,

to wit, "where the investigation will require the decision of difficult questions of law," has no application to this case, for the questions of law are not referred by the order, but the referee is only to take the testimony and report it to the Court and state the accounts according to the contention of each party. But, aside from this, whether the investigation requires the decision of difficult questions of law is a matter for the decision of the Circuit Judge. *Ferguson* v. *Harrison, supra.* When the referee makes his report the parties will have a trial by the Court upon the testimony so taken. *McSween* v. *McCown,* 21 S. C., 371; *Ass'n* v. *Berry,* 53 S. C., 129, 31 S. E., 43; *Hall* v. *McBride,* 73 S. C., 227, 53 S. E., 368.

Appeal dismissed.