7826

McCOWN v. RUCKER.

1. AN APPEAL lies only from a decree or judgment, but here an appeal is considered from rulings, as if the party had been denied the mode of trial he was entitled to, because the parties so desire and have gone to the expense of preparing the case for this Court.
2. REAL PROPERTY—PARTITION—EQUITABLE TITLE—ISSUES—PRACTICE.— Where one defendant in an action for partition sets up title to himself in the whole land, the issue of title should be tried by jury, but if on the trial the plaintiff's evidence tends to show an equitable title in him to a part of the land and the legal title in the defendant, verdict should be directed in favor of defendant, and plaintiff be permitted to amend his complaint so as to set up his equitable title.

Before GAGE, J., Darlington, Spring term, 1909. Reversed.

Action by John M. McCown against B. H. Rucker, H. A. Winchester and Charles Ryan Nash, executors, and Edward S. Joynes. Both parties appeal.

*Mr. George W. Brown,* for plaintiff, cites: *Sheriff can only sell interest of defendant:* 15 S. C. 133. *Notice is equivalent to recording:* Harp. 296; 3 Strob. 73; 1 McC. 265; 4 Rich. 32; 21 S. C. 268. *Issue of damages is for jury:* 42 S. C. 92. *So is that of title:* 60 S. C. 559; 72 S. C. 270, 312; 80 S. C. 263; 67 S. C. 548; 41 S. C. 195; 25 S. C. 72. *Not necessary to frame issue:* 23 S. C. 392; 28 S. C. 533; 31 S. C. 265; 36 S. C. 561; 52 S. C. 234; 71 S. C. 282; 76 S. C. 169.

*Mr. E. C. Dennis,* for defendant Rucker, cites: *Plaintiff must prove legal title to recover:* 5 Ency. Ev. 9; 10 Ency. L. 482; 53 S. C. 24. *Sheriff's deed not delivered does not pass legal title:* 45 S. C. 677; 14 S. C. 434. *Verdict should have been directed for defendant:* 54 S. C. 399, 115; 75 S. C. 201; 66 S. C. 283; 52 S. C. 516; 57 S. C. 289. *One with notice may purchase a good title from one without notice:* 2 Pom. Eq. Jur., sec. 754; 23 S. C. 494; 31 S. C. 147; 6 Rich. Eq. 176; 34 S. C. 146.

March 17, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an action for partition. Plaintiff alleges that he is the owner in fee, and has legal title to one undivided half interest in the tract of land described; that defendant Rucker is the owner of the other half, but is in unlawful possession of the whole, and withholds from him possession of his part thereof. The defendant Joynes is made a party on the ground that he holds a mortgage of the land executed by Rucker. The defendant Rucker denies all the allegations of the complaint, sets up title to the whole tract in himself, the plea of

*bona fide* purchaser thereof for value, without notice, and pleads the statute of limitations. The defendant Joynes denies all the allegations of the complaint, alleges that C. J. McCown, under whom Rucker claims, had acquired title by adverse possession, sets up the plea of *bona fide* purchase for value, without notice, and pleads the statute of limitations. The others named as defendants were not served. The case was docketed on calendar 1, and came on for trial before his Honor, Judge Gage, and a jury. At the close of plaintiff's testimony, defendants moved for the direction of a verdict in their favor on the ground that plaintiff had failed to prove legal title in himself to any interest in the land. The Court ruled as follows: "Assuming that the plaintiff has stated a legal cause of action in the complaint, and assuming that he has introduced testimony tending to show an equitable interest, would it not be error to turn him out of Court, because he is here practically in two courts, a court of law and a court of equity? If I were to take this issue away from the jury, it would be the utmost I could do, for the testimony which he has introduced would tend to show a right in equity, and he would still be entitled to be in court and have that heard in chancery." Counsel for plaintiff then asked the Court to dismiss the jury and proceed to hear the case. Counsel for defendant stated that he had a right to appeal from the ruling. His Honor said if counsel would assure him that he would appeal, he would withdraw the case from the jury. Upon such assurance being given, the case was withdrawn from the jury, to which action of the Court both sides excepted and both have appealed to this Court.

Nothing further was done in the Court below. No order was passed, and no judgment rendered. Therefore the appeal is not properly before this Court. The Code provides for appeals only from orders or judgments. Rulings may, of course, be excepted to and made the grounds of appeal from an order or judgment

affected thereby; but there can be no appeal from a mere ruling. But since the parties have gone to the expense of printing the brief and their arguments, we waive the point, and will consider the appeal, as if the ruling had been consummated in an order denying the parties the mode of trial to which they are entitled. Such an order is appealable. *Ferguson* v. *Harrison,* 34 S. C. 169, 13 S. E. 332; *McLaurin* v. *Hodges,* 43 S. C. 187, 20 S. E. 991; *Alston* v. *Limehouse,* 61 S. C. 1, 39 S. E. 192. We wish to say, however, that appeals from interlocutory orders will not be encouraged, because they can be reviewed on appeal from the final judgment. If that should turn out to be satisfactory to all parties, of course, no appeal would be taken, and the time and labor of counsel and of this Court, and the expense and delay incident to an appeal would be saved. In most cases, therefore, the better practice is to await the final judgment before appealing.

Numerous exceptions have been taken to the rulings of the Court in the admission or exclusion of evidence and on other grounds, but none of these will be considered, because there is no judgment affected by them, and as the Judge who may hear the case will not be bound by them, they present, at this time, only academic questions. The only question which we shall consider is whether the parties were entitled to a trial by jury, and whether there was error in refusing defendant's motion to direct the verdict.

In *Barnes* v. *Rogers,* 54 S. C. 115, 123, 31 S. E. 885, the Court, by Chief Justice McIver, said: "Where, in an action for partition, one or more of the defendants sets up an independent title in himself, claiming the sole ownership of the premises sought to be partitioned, the question of title thus presented must first be determined, and that can be done only by the verdict of a jury, unless that mode of trial is waived." To the same effect see, *McGee* v. *Hall,* 23 S. C. 388; *Sale* v. *Meggett,* 25 S. C. 72; *Reams* v. *Spann,* 28 S.

C. 530, 6 S. E. 325; *Carrigan* v. *Evans,* 31 S. C. 262, 9 S. E. 852; *Capell* v. *Moses,* 36 S. C. 559, 15 S. E. 711; *Osborne* v. *Osborne,* 41 S. C. 195, 19 S. E. 494; *Bank* v. *Peterkin,* 52 S. C. 236, 29 S. E. 546; *Tyler* v. *Williams,* 53 S. C. 367, 31 S. E. 298; *Lancaster* v. *Lee,* 71 S. C. 280, 51 S. E. 139; *Poston* v. *Ingraham,* 76 S. C. 167, 56 S. E. 780.

The plaintiff failed to prove legal title in himself to any interest in the land. His testimony tended to show an equitable right to a half interest therein, and showed the legal title in defendant. A plaintiff alleging a legal title in himself but proving only an equitable title, cannot recover of a defendant in possession, holding the legal title. *Keenan* v. *Leslie,* 79 S. C. 473, 60 S. E. 1114. It was error, therefore, to refuse defendants' motion to direct the verdict.

It does not follow, however, that plaintiff must be turned out of Court, if there is merit in his claim. He should be allowed, if so advised, to amend his complaint, so as to allege his equitable title, and then the issues should be tried by the Court.

The ruling appealed from is, therefore, reversed and the case remanded for such further proceedings as may be necessary and proper under the views herein announced.

Reversed.