## 20093

Othela D. WILLIFORD, Respondent, v. Johnnie Maude S. DOWNS, Appellants, et al.

(218 S. E. (2d) 242)

*Messrs. John C. Pracht, Jr.,* and *J. Michael Galloway,* of Anderson, *for Appellant,* cite:

*James W. Logan, Esq.,* of *Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Respondent,* cites:

September 15, 1975.

NESS, Justice:

The respondent relying upon S. C. Code § 19-238 instituted this action to void the excess of one-fourth of the real value of the estate of Press Williford devised to the appellant and prays for a partition of the tract of land devised.

The complaint alleges: that the parties are the devisees under the will of Press Williford; the will has been duly probated in Anderson County; and that the appellant is the bastard child of the testator. The appellant demurred and

answered specifically denying that she is the illegitimate child of the testator.

Upon respondent's motion the trial judge ordered a reference. The appellant argues that she is entitled to a jury trial on the issue of legitimacy. Ordinarily the granting or refusal of an order of reference is not appealable unless the granting of the reference deprives a party of a mode of trial to which he is entitled by law, or the trial judge in refusing a reference did so upon the erroneous belief that the cause of action was a legal one. *Rainwater v. Merchants & Farmers Bank of Cheraw*, 108 S. C. 206, 93 S. E. 770 (1971). Hence, the issue before the Court is whether the appellant is entitled to a jury trial *as a matter of right*. If she is not, the appeal should be dismissed.

The only issue which must be decided is whether the case at bar is a legal or equitable action. If it is equitable, the order of reference is not directly appealable. In equity the parties are not entitled, as a matter of right, to a trial by jury. *Allen Brothers Milling Company v. Adams*, 233 S. C. 416, 105 S. E. (2d) 257 (1958). Courts of equity have always been permitted to decide issues without the intervention of a jury. *White v. Kendrick*, 1 Brev. 469 (1805).

This Court has previously held that actions brought to void devises or conveyances as being violative of Section 19-238 are equitable. In *Williams v. Halford*, 64 S. C. 396, 42 S. E. 187 (1902) the complaint alleged that the testator married in Florida, removed himself to South Carolina, remarried and produced several children of the later marriage. The wife and child of the first marriage sought to prove that the conveyances to the children of the second marriage violated the progenitor of Section 19-238. Although a jury had been used in *Williams*, the court noted that "[t]he whole, however, was not properly a jury case,—a case on the law side of the court." p. 405, 42 S. E. p. 190.

The court observed that the chancellor, in his discretion, could empanel a jury. The court reasoned:

"The law intends to uproot at the instance of the lawful wife and children any plan or devise of the husband and father to give more than one-fourth of his estate to his paramour and bastard children. Whoever undertakes this circumvention of the lawful wife and children, or either one of them, undertakes to commit a fraud upon this statute. If the lawful wife and child set on foot proceedings in the courts of the country to upset such illegal contrivances, he usually proceeds upon the equity side of the court of common pleas, because he or she or they do not and *cannot set aside absolutely deeds of conveyance for the benefit of the mistress or bastard children by the husband and father. All that can be done is to have such rights of the lawful wife and children or child, as the case may be, to three-fourths of the estate of the husband and father set apart to them, leaving the other one-fourth in the possession of the mistress or bastard child or children, as the case may be.* The attempt to invalidate the statute (section 2368) is a fraud upon said statute. To divide lands between parties owning the same in different quantities is to partition lands. Frauds and partition belong to what is known as the equity side of the court of common pleas. This does not prevent the circuit judge from framing issues for trial by jury." pp. 404-405, 42 S. E. p. 189. (Emphasis added.)

*Williams v. Halford, supra,* was later cited in *Williams v. Newton,* 84 S. C. 98, 65 S. E. 959 (1909). In Newton the court dismissed an appeal from a denial of a jury trial when the action was for partition based on Section 19-238.

The complaint in Newton alleged that the testator died seized and possessed of certain real property and personal property and that all of the property was left in trust for the benefit of a bastard child. The wife of the testator sought to have the will adjudged void in so far as it attempted to give the alleged bastard child the benefit of more than one-fourth of the clear value of the estate. The trustee denied

the allegations of the complaint and asserted that he held the funds of the estate under the will. The infant defendant's answer was formal, submitting his rights to the protection of the court.

, The appellant's first exception was that he was entitled to a trial by jury. The court answered in the negative stating the issue "is whether the case is one at law, or one of equitable cognizance . . . It is clear that the case is one of equitable cognizance, and that a jury trial is not demandable as of right. This court has so held." pp. 100-101, 65 S. E. p. 960; citing *Williams v. Halford, supra.*

Accordingly, in an action for partition based on violation of Section 19-238, a jury trial is not demandable as a matter of right but is reposed in the sound discretion of the trial judge.[1]

Appeal dismissed.

Moss, C. J., and Littlejohn, J., concur.

Lewis, J., concurs in result.

Bussey, J., dissents.

Bussey, Justice (dissenting) :

If my brethren were perchance minded to dismiss the appeal in the instant case on the ground that the appellant failed to point out either below or here how and why she was deprived of a mode of trial to which she was entitled by law, I would not be inclined to dissent. When they go

---

[1] The appellant did not litigate this action on the basis that it was a legal one or that S. C. Code § 10-1056, which guarantees a jury trial to determine factual issues when "recovery of money only or of specific real or personal property" is involved, entitled her to a jury trial. In her brief the appellant concedes that this action is equitable by stating "the appellant does not contest that the case is clear in its language that an action to declare a will null and void as to the excess of one-fourth . . . is given to an illegitimate child . . . is an equitable action and is therefore properly referable under Section 10-1402. . . . The appellant does not contest that an action for partition of real estate, as the complaint in the case now before the Court is so designated, is a matter which can properly be heard by a special referee." Thus, the only issue properly before this Court is the appealibility of an order of reference in a case in equity.

further, however, and hold that she was not, as a matter of law, entitled to a jury trial of any issue in this case, I am compelled to dissent.

There is no doubt that normally an action for partition of real property is essentially equitable in nature. Likewise, once the illegitimate relationship is either conceded or established, proceedings for relief under code section 19-238 are equitable in nature. Nevertheless, in any such proceeding the parties are entitled to a jury trial of any issue as to which they are entitled to a jury trial by virtue of the Constitution and/or statutory law of this State.

The primary issue in this case is the title to a ninety-seven (97) acre tract of land located in Anderson County, devised by the decedent to his wife for life with the remainder "to his adopted daughter, Johnnie Maude Swilling Williford." The plaintiff seeks a partition of the land asserting the appellant, Downs, to be the illegitimate child of the decedent, Press Williford. What, if any other estate Press Williford had is not reflected by the record.

The appellant Downs vehemently denies the allegation that she is the illegitimate daughter of the deceased and asserts that she has a valid title in remainder in fee to the real estate involved.

In *Barnes v. Rodgers,* 54 S. C. 115, 123, 31 S.E. 885, 888, the court, by Chief Justice McIver, said:

"Where, in an action for partition, one or more of the defendants sets up an independent title in himself, claiming the sole ownership of the premises sought to be partitioned, the question of title thus presented must first be determined, and that can be done only by the verdict of a jury, unless that mode of trial is waived."

The foregoing quote has been the settled law of this State from time immemorial. See *McCown v. Rucker,* 88 S. C. 180, 70 S. E. 455, and the numerous cases therein cited. Among the cases cited is *Osborne v. Osborne,* 41 S. C. 195, 19 S. E. 494, in which an alleged widow of a decedent

sought to partition real property and the court held that whether the plaintiff was the lawful widow of the intestate was a probative fact upon the question of title in the case, and that the lower court erred in refusing a jury trial as to such issue.

The foundation of these cases, although not always mentioned, would appear to be Article 1, Section 25 of the Constitution, which reads,

"Trial by jury.—The right of trial by jury shall be preserved inviolate."

With respect to this constitutional provision, the court in *State v. Gibbes,* 109 S. C. 135, 95 S. E. 346 (1918), had the following to say:

"A similar guaranty will be found in every Constitution adopted by the people of this state. But such provisions have been uniformly held by this court and others to mean that the right shall be preserved only in those cases in which the parties were entitled to it under the law or practice existing at the time of the adoption of the Constitution."

I quote the following from *Frazee v. Bratton,* 26 S. C. 348, 2 S. E. 125:

"The great right of trial by jury has existed from time immemorial in all those forms of actions at common law which were in use before the adoption of the Code, such as *assumpsit,* debt, covenant, trover, trespass *vi et armis,* to try titles, and case, etc., and no doubt such right exists in the actions provided by the Code as a substitute for these common-law actions; * * *."

In the present case the validity of appellant's title to the real property involved depends upon a single disputed issue of fact, to wit: whether or not she is as alleged, the illegitimate child of the decedent. In keeping with Article 1, section 25 of the Constitution, code section 10-1056 also guarantees to the appellant the right to a trial by jury of this disputed issue of fact.

The complaint of the respondent sought, in effect, both legal and equitable remedies. Such was proper, but before she is entitled to any equitable relief she must first establish her right to equitable relief by winning the legal issue of title to real property. The legal issue should be tried first, and, of course, before a jury. Cf. *Airfare, Inc. v. Greenville Airport Commission*, 249 S. C. 265, 153 S. E. (2d) 846.

In my view neither *Williams v. Halford*, 64 S. C. 396, 42 S. E. 187 (1902) nor *Williams v. Newton*, 84 S. C. 98, 65 S. E. 959 (1909) are controlling in the decision of the instant case. In *Williams v. Newton*, although the trustee interposed a general denial, it is not clear that there was a serious issue as to the alleged status of the infant beneficiary of the trust; no title to real estate was vested in the alleged illegitimate and no contention that such infant or the trustee were entitled to a jury trial of any issue of title to real estate by virtue of the Constitution or the statutory law of South Carolina. In short, the Court simply did not have occasion in *Williams v. Newton* to pass on the situation now involved.

*Williams v. Halford* was a very involved case. There were several parcels of land involved, there being variant facts as to different parcels. The opinion does not reflect a contention on the party of any party than an issue of title to real estate gave rise to a right of trial by jury under the Constitution and statute. There was no question as to the decedent's actual relationship to his South Carolina family, it being asserted only that such was illegitimate. Assuming the legitimacy of his Florida wife and son, no factual issue of title to realty was involved. The Court held that the whole case was not properly a jury case; a case on the law side of the Court, the Court pointing out, however, that apt issues for trial by jury in that case were the legitimacy of the Florida wife and son.

To summarize, if the appeal in this case is to be properly dismissed, there is no need for a lengthy discussion of whether or not she was entitled to a jury trial on any issue

in the case. If, however, we are to reach such issue, the Constitution, the statutory law and the case law of this State are compelling that the trial court erroneously referred all issues in this case thereby depriving the appellant of the right to a jury trial on the issue of title to real estate.

Accordingly, if we are to reach the issue the judgment of the lower court should be reversed rather than the appeal being dismissed.