**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

HHH Ltd. of Greenville, Respondent,

v.

Randall S. Hiller, Robert E. Hiller, and Randall S. Hiller, P.A., Appellants.

Appellate Case No. 2015-000159

―――――――――

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-338
Submitted April 1, 2016 – Filed June 29, 2016

―――――――――

**APPEAL DISMISSED**

―――――――――

Randall Scott Hiller, of Greenville, for Appellants.

Randy A. Skinner, of Skinner Law Firm, LLC, John T. Crawford, Jr., of Kenison Dudley & Crawford, LLC, and M. Stokely Holder, of Holder, Padgett, Littlejohn & Prickett, LLC, all of Greenville, for Respondent.

―――――――――

**PER CURIAM:** Appeal dismissed pursuant to Rule 220(b), SCACR, and the following authorities: *Mountain Lake Colony v. McJunkin*, 308 S.C. 202, 204, 417

S.E.2d 578, 579 (1992) (finding ordinarily, a decision granting or denying an order of reference is not immediately appealable); *Williford v. Downs*, 265 S.C. 319, 321, 218 S.E.2d 242, 243 (1975) (noting an exception to the general rule if the reference order's result will deprive a party of a mode of trial *to which he is entitled*); *Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010) ("Whether a party is entitled to a jury trial is a question of law."); *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("Appellate courts may decide questions of law with no particular deference to the circuit court's findings."); *Albertson v. Robinson*, 371 S.C. 311, 315, 638 S.E.2d 81, 83 (Ct. App. 2006) ("An action to set aside a transfer as fraudulent pursuant to the Statute of Elizabeth is an action in equity."); *Williford*, 265 S.C. at 321, 218 S.E.2d at 243 ("In equity the parties are not entitled, as a matter of right, to a trial by jury."); *Blackburn*, 407 S.C. at 328, 755 S.E.2d at 441 ("However, counterclaims–including those raised in equitable actions–may, at times, be entitled to a jury trial."); *id.* at 329, 755 S.E.2d at 441 ("If the complaint is equitable and the counterclaim is legal *and compulsory*, the plaintiff or the defendant has a right to a jury trial on the counterclaim." (emphasis added)); *id.* at 328, 755 S.E.2d at 441 ("If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial."); *First-Citizens Bank & Trust Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991) ("By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim."); *N.C. Fed. Sav. & Loan Ass'n v. DAV Corp.*, 298 S.C. 514, 518, 381 S.E.2d 903, 905 (1989) (adopting the "logical relationship test" to determine whether a claim is compulsory or permissive); *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 61, 566 S.E.2d 863, 865 (Ct. App. 2002) ("Whether a counterclaim is logically related to the initial claim depends upon the facts of each case.").[1]

**APPEAL DISMISSED.**[2]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] Appellant also appeals the circuit court's denial of his motion for summary judgment. We do not address this issue because it too is not immediately appealable. *See Watson v. Underwood*, 407 S.C. 443, 457, 756 S.E.2d 155, 162 (Ct. App. 2014) ("The denial of a motion for summary judgment is not appealable because it does not finally determine anything about the merits or strike a defense.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.