**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

U.S. Bank, National Association, as trustee for the
Holders of The Banc of America Funding Corporation,
2008-FT1 Trust, Mortgage Pass-Through Certificates,
Series 2008-FT1, Respondent,

v.

Rhonda Lewis Meisner a/k/a Rhonda L. Meisner; Bank
of America, N.A.; and SCBT, Defendants,

Of whom Rhonda Lewis Meisner is the Appellant.

Appellate Case No. 2016-001019

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-066
Submitted January 1, 2019 – Filed February 13, 2019

———————

**APPEAL DISMISSED**

———————

Rhonda Lewis Meisner, of Blythewood, pro se.

Magalie Arcure Creech, of Finkel Law Firm LLC, and
Jacob Shuler Barker, of Graybill, Lansche & Vinzani,
LLC, both of Charleston; and Trent M. Grissom, of

McGuire Woods LLP, of Charlotte, North Carolina, all for Respondent.

---

**PER CURIAM:**  Dismissed pursuant to Rule 220(b), SCACR, and the following authorities: *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005) ("The right of appeal arises from and is controlled by statutory law."); S.C. Code Ann. § 14-3-330(2) (2017) ("[Our s]upreme [c]ourt shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal: . . . [a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action . . . ."); *Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 72, 533 S.E.2d 331, 333 (2000) ("Pursuant to [section] 14-3-330(2), this [c]ourt has held on numerous occasions that when a trial court's order deprives a party of a mode of trial to which it is entitled as a matter of right, such order is immediately appealable."); *Williford v. Downs*, 265 S.C. 319, 321, 218 S.E.2d 242, 243 (1975) ("Ordinarily the granting or refusal of an order of reference is not appealable unless the granting of the reference deprives a party of a mode of trial to which he is entitled by law . . . ."); *id.* ("Hence, the issue before the [c]ourt is whether the appellant is entitled to a jury trial [a]s a matter of right.  If she is not, the appeal should be dismissed."); *id.* ("The only issue [that] must be decided is whether the case at bar is a legal or equitable action.  If it is equitable, the order of reference is not directly appealable."); *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("In equity the parties are not entitled, as a matter of right, to a trial by jury." (quoting *Williford*, 265 S.C. at 321, 218 S.E.2d at 243)); *id.* ("However, counterclaims—including those raised in equitable actions—may, at times, be entitled to a jury trial."); *id.* at 329, 755 S.E.2d at 441 ("If both the complaint and the counterclaim are in equity, the entire matter is triable by the court."); *id.* ("If both are at law, the issues are triable by a jury."); *id.* at 330, 755 S.E.2d at 441 ("If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial."); *id.* at 330, 755 S.E.2d at 441-42 ("If the complaint is equitable and the counterclaim is legal and compulsory, the plaintiff or the defendant has a right to a jury trial on the counterclaim unless a valid jury trial waiver exists that encompasses the counterclaim."); *Blackburn*, 407 S.C. at 330 n.7, 755 S.E.2d at 442 n.7 ("We have previously adopted the 'logical relationship' test to determine whether a counterclaim is compulsory . . . ."); *id.* ("Under this

test, 'the "logical relationship" determination is made by asking whether the counterclaim would affect the lender's right to enforce the note and foreclose the mortgage.'" (quoting *Wells Fargo Bank, Nat'l Ass'n v. Smith*, 398 S.C. 487, 496, 730 S.E.2d 328, 333 (Ct. App. 2012))); *id.* ("If the defendant's prevailing on his counterclaim would affect the bank's right to enforce the note and foreclose the mortgage, there is a logical relationship between the counterclaim and the underlying suit, and the counterclaim is therefore compulsory.").

**APPEAL DISMISSED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.