## HOLLIDAY v. HUGHES.

1. EQUITABLE ISSUES—LEGAL ISSUES—JURIES AND JURY TRIALS—EQUITY.—Where two issues, one legal and the other equitable, are raised in one case, each must be tried by its appropriate tribunal, and both cannot be passed on generally by the jury.
2. APPEAL.—An appeal will not be dismissed for failure to serve proposed case in time when delay is satisfactorily explained.

Before TOWNSEND, J., fall term, 1897. Reversed.

Foreclosure by J. W. Holliday *v.* C. A. Hughes, F. D. Hughes, and W. H. Howell. From judgment for defendant Howell, plaintiff appeals.

*Messrs. Johnson, Quattlebaum* and *R. W. Shand,* for appellant. No citations on point ruled.

*Messrs. Robert W. Scarborough and Thos. S. Moorman,* contra. No citations on point ruled.

Jan. 3, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action to foreclose a mortgage on real estate, given by the defendants, C. A. Hughes and F. D. Hughes, to the plaintiff, on the 16th of June, 1886, to secure the payment of a bond of same date

to said plaintiff for the sum of $544.85, with interest from
date at the rate of ten per cent. per annum.    The complaint
is in the usual form, with the additional allegation "that the
defendant, W. H. Howell, claims to have acquired an inter-
est in the mortgaged land subsequent to the date of the mort-
gage."    The defendants, C. A. Hughes and F. D. Hughes,
neither answered nor demurred, but made default.    The
defendant, Howell, filed an answer, in which he sets up two
defenses: 1st. That since the date of the alleged mortgage
he has acquired the legal title to the mortgaged premises by
a purchase thereof at a tax sale, whereby the lien of said
mortgage was divested, by operation of law, "and this de-
fendant holds the said lands and premises as legal owner in
fee, free and discharged of any and all encumbrance, right
or claim of the plaintiff under or by virtue of said pretended
mortgage, and said lands are not subject to a decree of fore-
closure."    2d. That the debt which the alleged mortgage
was given to secure was not the debt of the defendant, C. A.
Hughes, who is a married woman, the wife of the defendant,
F. D. Hughes, and the sole owner of the mortgaged prem-
ises, but, on the contrary, was the debt of her husband, F. D.
Hughes; and she being his wife at the date of the mortgage,
had no power to bind her separate estate for the payment of
his debt. It is stated in the "Case" that the case was "Heard
before his Honor, Judge Townsend, and a jury, fall term,
1897.    Plaintiff moves for judgment *pro confesso* against
C. A. Hughes and F. D. Hughes, who have not answered.
Defendant objects.    Objection sustained.    Plaintiff ex-
cepts."    After several instructions as to the effect of the tax
title set up by the defendant, Howell, the jury were in-
structed that if they find, as a matter of fact, "that the land
covered by the mortgage was the property of the defendant,
C. A. Hughes; that she is a married woman, was such when
the mortgage was executed, and that the mortgage was
given to secure the debt of her husband, then the mortgage is
void, and their verdict should be for defendant, Howell."
The jury returned a verdict in the following form: "For

defendant. H. L. Buck, foreman." After this verdict was rendered, the Circuit Judge rendered his decree, in which, amongst other things, he says: "The two questions raised by the pleadings were thus fairly before the jury. They found for the defendant, Howell. I take it that the verdict is responsive to the whole issue, both as to the invalidity of the mortgage and the validity of the tax title of Howell. I concur in the finding." Accordingly, he "Ordered, adjudged and decreed, that the complaint be dismissed; that the said paper called a mortgage be delivered to the clerk of this court to be cancelled; that the clerk of this court cancel said mortgage by entering thereon: 'Adjudged null and void by Court on verdict of jury in J. W. Holliday *v.* C. A. Hughes, F. D. Hughes and W. H. Howell, rendered 7th October, 1897,' and enter said cancellation on the record of said mortgage; that J. W. Holliday, his heirs, executors, administrators and assigns, be perpetually enjoined from disturbing the defendant, Howell, in the possession of said premises, by reason of said alleged mortgage; and that the plaintiff pay the costs and disbursements of this action."

From this judgment plaintiff appeals on numerous grounds, which are set out on the record. But under the view which we take of this case, we deem it necessary to allude to only one of them—the twenty-fifth—"Because his Honor erred in leaving it to the jury to say whether there was a mortgage or not." Ever since the case of *Adicks* v. *Lowry,* 12 S. C., 97, recognized and followed in numerous subsequent cases, it has been the settled rule that, while under the Code of Procedure, both legal and equitable issues may be tried in the same case, yet, "at the trial, the legal and the equitable issues must be distinguished and decided by the Court in the exercise of its distinct functions as a court of law and a court of equity, and only those should be determined by a jury which are properly triable by a jury, while those which would formerly have been triable in equity must be determined by the Judge in the exercise of his chancery powers." Now in this case it is very mani-

fest that the pleadings presented two issues, as between the plaintiff and the defendant, Howell---the other two defendants having made default, and, therefore, presenting no issues---one equitable and the other legal, the former of which was triable by the Court and the latter by the jury. It was, therefore, error to submit both of these issues to the jury, and the twenty-fifth exception must be sustained. It is true, that the Circuit Judge, after the verdict was rendered, proceeded to render his decree, in which he says he concurred in the finding of the jury, which, if the case had simply depended upon an equitable issue, might possibly have cured the error. But in this case both of the issues, legal and equitable, were submitted to the jury, and as they were explicitly instructed that if they found as matter of fact that the mortgage was void for lack of power in the married woman to execute it, then they must find for the defendant, Howell, we are unable to conceive how it would be possible, either for the Circuit Court or this Court, to ascertain upon which of the two issues their general verdict was based. If it was based upon the equitable issue alone, then it would amount to nothing, as that was an issue which they had no authority to try. Suppose, for example, that the jury had reached the conclusion that the defendant, Howell, had failed to establish his legal title, yet, under the instructions given them by the Circuit Judge, they would have been bound to find for the defendant, if they had also reached the conclusion that the mortgage was void for the reason above indicated. This only serves to illustrate the wisdom of the rule which requires that, in cases of this kind, the legal and equitable issues should be separated, and each tried by the appropriate branch of the Court. After a careful consideration of the whole case, we are satisfied that this wise and salutary rule must be applied; and that the judgment of the Circuit Court should be set aside, and the case remanded to that Court for trial, in accordance with the requirements of the rule, without prejudice to either party as to any of the

other questions presented by the exceptions, which, under the view we have taken, it is not proper to consider now.

The judgment of this Court is, that the judgment of the Circuit be set aside, and that the case be remanded to that Court for a new trial without prejudice.

Motion to dismiss this appeal, made before the hearing, because proposed "case" was not served in time, refused, because delay was fully accounted for.