6839

KEENAN v. LESLIE.

REAL PROPERTY—ISSUES—EQUITY.—Where in an action for possession of land the pleadings raise only legal issues, it is improper to submit to jury equitable issue of title, although proof has been admitted on that issue.

Parker v. Jacobs, 14 S. C., 112, distinguished from this case.

Before J. E. McDONALD, Special Judge, York, April Term, 1904. Affirmed.

Action by Lucy Keenan and others against D. Preston Leslie. From judgment for defendant, plaintiffs appeal.

Messrs. Spencers & Dunlap, for appellants, cite: 14 S. C., 112; Code of Proc., 274, 194; 1 Hill Ch., 376.

Messrs. J. S. Brice and W. B. McCaw, contra, cite: 44 S. C., 546; 36 S. C., 561; 28 S. C., 533; 23 S. C., 292; 54 S. C., 353, 155; 42 S. C., 138, 92; 40 S. C., 517; 51 S. C., 236; 61 S. C., 4; 21 S. C., 221, 226; 24 S. C., 165; 29 S. C., 124; 16 S. C., 197; Code of Proc., 197.

April 1, 1908.    The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiffs brought this action against defendant to recover possession of six acres of land in the fork of the Landsford and Columbia roads near Leslie, in York County. The complaint alleged that Raph Keenan, having purchased said land from George Sturgis, was seized and possessed of same at the time of his death intestate in 1900, and that plaintiff Lucy Keenan, as his widow, and the other plaintiffs, as his only heirs-at-law, are seized in fee and entitled to the premises, and the defendant is in possession and wrongfully withholds the same. The defendant denied that plaintiffs or their ancestors had any title to the premises and set up legal title in himself.

The plaintiffs offered some evidence tending to show that Raph Keenan entered into possession about 1875 or 1876 under a parol contract of purchase with George Sturgis, then owner, which was thereafter fully performed, and remained in possession until his death in June, 1900, in which possession his heirs continued until dispossessed by defendant during that year, that defendant when he purchased knew that Raph Keenan had been in possession since 1877, but there was no testimony that defendant had notice that the possession was under contract of purchase nor that said contract had been performed.

The defendant's testimony showed a complete chain of title in himself from the common source as follows:

1. Deed from George W. Sturgis to F. H. Barber dated December 13, 1876, duly recorded February 5, 1877.

2. Deed of F. H. Barber to Matthew H. Williams dated March 22, 1879, duly recorded March 27, 1879.

3. Deed of the heirs-at-law of Matthew H. Williams to the defendant dated January 2, 1900, duly recorded March 5, 1900.

The testimony in behalf of the defendant further tended to show that Raph Keenan went into possession in 1876 under F. H. Barber and that F. H. Barber contracted to sell Keenan the land for $62.50 payable in twelve months; that Keenan paid Barber $17, but was unable to pay more; that

upon Barber urging payment Keenan brought Matthew Williams to buy the land in 1879, and that as a result Barber conveyed the land to Williams in consideration of $56.40, which was arrived at by charging interest on $62.50 and deducting the $17 payment; that Keenan continued in possession as tenant of Williams, paying him rent for the lands until Williams' death in 1899; that defendant purchased the land from the heirs of Williams for $150 without any knowledge that Keenan or his heirs were in possession claiming · to be the owners.

Lucy Keenan in reply testified that no rent was ever paid by Keenan on the land in question.

The jury found for the defendant and from the judgment thereon plaintiffs appeal.

The Court refused to charge plaintiff's sixth request, as follows: "Where a plaintiff proves a perfect equitable title to land he may recover of the defendant on the allegations of the complaint that plaintiff is seized in fee and entitled to the possession," but on the contrary charged the jury that "it must be the legal title and not the equitable title under which a plaintiff in such an action as this must recover possession."

The only question presented by the exception is, whether the foregoing charge and refusal to charge was error in face of the fact that testimony pro and con upon the issue of an equitable title was allowed to be offered on the trial.

To sustain their appeal appellants rely on the case of *Parker & Co.* v. *Jacobs,* 14 S. C., 112, and on Section 274, which provides that "an issue of fact in an action for the recovery of money only or of specific real estate or personal property must be tried by a jury unless a jury trial be waived as provided in Section 282 or a reference be ordered."

The issue tendered by the complaint and answer in this case was strictly legal, and it was proper under the pleadings to submit only legal issues to the jury.

The case of *Vann* v. *Howle,* 44 S. C., 546, 22 S. E., 735, shows that the exception can not be sustained. In that case

the plaintff, Mrs. Vann, holding the legal title under Joseph T. Vann, brought the action to recover land claimed by defendant Howle under a parol contract to purchase from Joseph T. Vann. The Court held that in an action to recover real property, if the defendant claimed under a parol contract to purchase and full performance on his part, his defense is equitable and not a matter to be determined by the jury and, therefore, it was not error to refuse requests to charge relating to the equitable defense. The Court further said: "The defendant should have requested the Circuit Judge to decide the issues arising out of the equitable defense set up in the answer, but he had no right to have such issues passed upon by the jury."

In the case of *Cooper* v. *Smith,* 16 S. C., 331, an action was brought to recover land purchased by plaintiff from Rhame; the defendant admitted plaintiff's deed but alleged possession under prior contract to purchase made with Rhame. The case was submitted to a jury, who found for defendant, and judgment entered, but two years afterwards the judgment was vacated on the ground that the defense was equitable and should not have been submitted to a jury, but should have been passed upon by the Judge. In that case the Court cited *Gadsden* v. *Whaley,* 9 S. C., 147; *Sloan* v. *Westfield,* 11 S. C., 447, and *Adickes* v. *Lowry,* 12 S. C., 108, as strong to the point that an equitable defense set up in the answer in a law case must be tried by the chancellor either personally or through the aid of a jury acting under his order and for his enlightenment.

In *Holliday* v. *Hughes,* 54 S. C., 155, 31 S. E., 867, the Court used this language: "Ever since the case of *Adickes* v. *Lowry,* 12 S. C., 97, recognized and followed in numerous subsequent cases, it has been the settled rule that while under the Code of Procedure both legal and equitable issues may be tried in the same case, yet 'at the trial the legal and equitable issues must be distinguished and decided by the Court in the exercise of its distinct functions as a court of law and a court of equity, and only those should be deter-

mined by a jury which are properly triable by a jury, while those which would formerly have been triable in equity must be determined by the Judge in the exercise of his chancery powers.' "

Numerous other cases might be cited to illustrate the practical construction which has been placed by the Court upon Section 274 of the Code, and the effect is to limit its meaning so as to require submission to the jury of strictly legal issues. If this be true in an action to recover land wherein an equitable issue is raised by the pleadings, for a greater reason, it is not improper to refuse to submit to a jury equitable issues not raised by the pleadings.

The case of *Parker & Co.* v. *Jacobs, supra,* relied on by appellant, is not in real conflict with the authorities following the rule stated in *Adickes* v. *Lowry.* *Parker* v. *Jacobs* decides that a plaintiff under the Code can enforce an equitable right to property in dispute under a form of action which seeks relief formerly obtainable only in a court of law, and therefore it was error to *nonsuit* a plaintiff who in an action to recover the possession of personal property established an equitable title thereto. The meaning of the case was that one showing an equitable title should not be *thrown out* of court. This is perfectly consistent with the rule in *Adickes* v. *Lowry,* that equitable issues must be tried by the chancellor and not by the jury. Therefore, when one raises an equitable issue by his pleadings, the proper practice is to have the Judge sitting as chancellor pass thereon and not seek to have such issues submitted to a jury as matter of right. In this way both legal and equitable issues may be tried in the same action before an appropriate tribunal without turning the party out of court.

The judgment of the Circuit Court is affirmed.