## 9242

### MURPHY v. ATLANTA & CHARLOTTE A. L. RY. CO.

(87 S. E. 310.)

JUDGMENTS. NONSUITS. RES JUDICATA. RAILROADS. YARD EMPLOYEES. MASTER AND SERVANT. FELLOW SERVANT. NEGLIGENCE. ASSUMPTION OF RISKS.

1. JUDGMENTS — NONSUIT — RES JUDICATA. — A nonsuit for failure or insufficiency of plaintiff's proof to sustain the allegations of the complaint will not bar a subsequent action on same alleged cause of action, where the evidence at the two trials differs materially in character and quality. (MESSRS. JUSTICES WATTS AND GAGE, *dissenting,* are of opinion that the nonsuit in question was not for mere insufficiency of proof, but based on an adjudication of affirmative facts showing plaintiff never had the alleged cause of action, and bars the subsequent action under rule announced by WILSON, J., in *Morrow* v. *Ry. Co.,* 84 S. C. 224, 242, 66 S. E. 186, 19 A. & E. Ann. Cas. 1009.)

2. RAILROADS — YARD EMPLOYEES — FELLOW SERVANT — NEGLIGENCE — ASSUMPTION OF RISK.—Where a yard conductor acting on the assumption that his fellow servant would follow the chart and directions given by him for the movement of cars, was caught and injured while passing between cars standing dead on a yard track, which were unexpectedly moved in violation of his directions, by an incompetent fellow servant negligently employed by the master, the dangers were latent, and not assumed by the conductor, who was not, under such circumstances, guilty of contributory negligence, and was entitled to recover from the master the damages sustained.

3. MASTER AND SERVANT—INJURY TO RAILROAD EMPLOYEE—NEGLIGENCE —LIABILITY OF MASTER.—Where a yard conductor delivered the switch list to his subordinate to continue the work of switching cars during his temporary and enforced absence and instructed him to shove cars onto track No. 2, and where the subordinate kicked such cars into track No. 3, and in consequence the yard conductor was injured while passing between what appeared to be dead cars on track No. 3, which cars were struck by those kicked into the track, defendant was liable.

4. MASTER AND SERVANT—INJURY TO RAILROAD EMPLOYEE—CONTRIBUTORY NEGLIGENCE.—The act of the yard conductor, under such circumstances, in passing between what appeared to be dead cars on track No. 3, was not contributory negligence barring his right to recovery.

5. MASTER AND SERVANT—INJURY TO RAILROAD EMPLOYEE—ASSUMPTION OF RISK.—Since the risk in such case was latent and not patent, the yard conductor did not assume the risk of injury from passing between the cars.

6. Master and Servant—Injury to Railroad Employee—Negligence of Fellow Servant.—That the subordinate, who, in violation of his instructions, caused the cars to be kicked into. the wrong track, in consequence of which the yard conductor was injured while attempting to pass between apparently dead cars, was a fellow servant of such conductor, did not deprive the conductor of his right to recover from the railroad company.

Before Shipp, J., Greenville, June, 1914.      Reversed.

Action by J. P. Murphy against Atlanta and Charlotte Air Line Railway Company. From a judgment upon a verdict directed for defendant, plaintiff appeals. The *locus* was shown by Exhibit A, on the next page.

The other facts are stated in the opinion.

*Messrs. McCullough, Martin & Blythe,* for appellant, submit: *Former order of nonsuit not a final judgment.* 1. *General Rule. Nonsuit not a bar to another action:* 23 Cyc. 1136-38; Freeman on Judgments (3d ed.), sec. 261; 49 Am. St. Rep. 831, note; 24 S. C. 279; 84 S. C. 244-5; 84 S. C. 36, 368; 43 S. C. 221; 1 Brev. 474; 1 Bailey 69; 1 McMul. 212; 4 McC. 472; 3 Rich. 210; 7 Rich. Eq. 254; 9 S. C. 333; 88 S. C. 61, 66. 2. *No exception to this general rule in favor of nonsuit upon the ground of contributory negligence or other affirmative defense:* 84 S. C. 242; 92 S. C. 1; 69 N. H. 429; 45 Atl. 243; 84 S. C. 364; 118 N. W. 637; 3 Fed. 77; 150 U. S. 349; 71 N. E. 371; 109 U. S. 121; Freeman, Jdmts., sec. 246; 88 S. C. 667. (a) *The S. C. rule is otherwise; nonsuit on the ground of contributory negligence is not a bar where, at the subsequent trial, the evidence is materially different:* 84 S. C. 245; 84 S. C. 386. (b) *And this rule is not affected by the language used by Judge Wilson in the Morrow case (in regard to affirmative defenses shown), and quoted in 92 S. C. 1—since Judge Wilson's*

Footnote.—See note in 9 A. & E. Ann. Cas. 187 on judgments for defendants for failure or insufficiency of plaintiff's proof as bar to subsequent suit on same cause of action.

CHARLOTTE     ATLANTA

W    S    E    N

Engine and cars came this way and ran into cars on No. 3.

(Engine and Cars.)

Switch.

Switch.

Switch.

Switch.

Switch.

(Walked)

Across

(Leg run over and crushed.)

Engine and cars should have come this track.

(Lead Track.)

(Track No. 4.)

THROUGH TRACK NO. 3.   (Track No. 3.)

CHARLOTTE TRACK   (Track No. 2.)

(Track No. 1.)

*opinion was concurred in only as to the result, and Judge Woods pointed out that the rule in this State is otherwise, and since the Hughes case was upon a different cause of action from that at first brought, the two causes were inconsistent, he had elected between them, was bound by his election, and the language used was not necessary to the decision, and is obiter.* (c) *In other jurisdictions the rule is the same and a judgment of nonsuit on the ground of contributory negligence will not bar a second action, "where the evidence is materially different."* (Wis. 1908) 118 N. W. 637; 3 Fed. 77; 150 U. S. 349; 109 U. S. 121. (e) *A possibly satisfactory test as to when a judgment of nonsuit is an exception to the general rule and conclusive on the parties: "What facts are established conclusively, so that they can never afterwards be gainsaid?"* Freeman on Judgments, sections 251, 246, 261; 43 S. C. 221. *The evidence is materially different. As to fellow servant:* 71 S. C. 57; 83 S. C. 559; 89 S. C. 15, 23; 50 Kan. 401; 3 Am. St. Rep. 123; 41 N. E. 1051; 78 Mich. 271; 44 N. W. 270; 18 Am. St. Rep. 441; 69 S. C. 387; 2 LaBatte, M. & S., secs. 1836, 1837.

*Messrs. Cothran, Dean & Cothran,* for respondent, submit: *Former judgment in 89 S. C. 15, bar to this action:* 84 S. C. 224; 45 Atl. 243; 92 S. C. 1; 90 S. C. 229; 77 S. C. 344; 23 Cyc. 1231. *Nonsuit for insufficiency of evidence or some technical and preliminary ground distinguished:* 4 McC. 372; 3 Rich. 210; 24 S. C. 479; 61 S. C. 180; 16 How. 354; 109 U. S. 121; 120 U. S. 89; 90 S. C. 229; 89 S. C. 408; 89 Fed. 636; 7 Wall. 107; 166 U. S. 517; 84 S. C. 364. *Trainmen fellow servants of conductor:* 12 A. & E. Enc. L. 1002; 3 Bat. (Tenn.) 426. *Being directly consociated with the conductor of his train, and his subordinate in certain respects, a brakeman is universally held to be the fellow servant of the conductor in cases where the brakeman's negligence causes injury to his conductor:* 18 Ind. 226; 85 Am.

D. 409; 8 Kan. 642; 29 Kan. 632; 3 Cush. 270; 46 Mich. 258; 54 Am. D. 348; 60 Miss. 977; 59 Mo. 285; 17 N. Y. 153; 17 Ohio St. 197; 80 Am. D. 467; 46 Tex. 540; 70 Tex. 226; 61 Wis. 163; 13 Am. Neg. Cas. 328. *Testimony as to incompetency of fellow servant:* 1 Labatte, M. & S., p. 398; 1 S. W. 500; 35 Mo. App. 661; 192 Pa. 69; 43 Atl. 402; 103 Cal. 268; 37 Pac. 232; 18 Utah 338; 55 Pac. 58; 100 S. C. 266; 3 N. E. 184; 20 Fed. 87; 19 N. Y. S. R. 20; 4 N. Y. S. 640; 80 Tex. 178; 15 S. W. 899. *Assumption of risk:* 12 A. & E. Enc. of L. 920. *Contributory negligence:* 89 S. C. 15; 96 S. C. 228.

November 23, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

A former action upon this same transaction has been hither before. There have been three trials on circuit.

At the first trial plaintiff was nonsuited, and the judgment was affirmed. 89 S. C. 15, 71 S. E. 296.

Thereafter the plaintiff commenced another action, but upon the same transaction.

The pleadings are practically the same, except that the second answer plead *res adjudicata.*

The second action came first to trial at the Summer term, 1914, and resulted in a mistrial.

The second trial of the second action now considered, was had at the following Fall term, without a jury.

The defendant there moved under a stipulation of counsel, and upon the testimony taken at the first trial of the second action for a directed verdict, or for a nonsuit.

By that stipulation it was further provided, that if the motion should be denied, then the Court might render judgment for the plaintiff for the liquidated sum of $2,250.

The Court sustained the defendant's contention as for a directed verdict, and the plaintiff has appealed.

The single issue presented for our decision is whether the verdict ought to have been directed for the defendant; and the gravest issue before us is, whether the order granted at the former trial of this action is a bar to the present action.

It is true there are six exceptions and many specifications of error under each; and there are six grounds set out by the defendant on which it is contended the Court might have predicated its judgment, but did not.

These we shall not consider in their named numerical order; but we shall aim to decide all the vital issues which have been made.

The respondent's counsel has stated and argued five issues, and we cannot do better than follow in some fashion his logical order.

First. The former judgment is a bar.

Second. No testimony tending to show negligence by the defendant.

Third. Any negligence was that of Corn, a fellow servant of plaintiff.

Fourth. Plaintiff assumed, as part of the risk of his employment, the negligence of Corn.

Fifth. Plaintiff's own negligence contributed to the result.

The Circuit Court concluded that the judgment rendered at the former trial was a bar to this action; and it also concluded that the testimony in the case warrants the conclusion to which the Circuit Court came at the trial of the first action, to wit: (1) That there was no evidence of negligence on the part of the defendant; (2) that the injury was the result of the plaintiff's own negligence; (3) that the plaintiff was guilty of contributory negligence.

A history of the case is given in the former appeal, and it needs not to be restated here (89 S. C. 17, 71 S. E. 296).

1. The writer of this opinion thinks the plea in bar is good and ought to be sustained; but the majority are of a

contrary opinion. The writer, though, will state the reasons for his opinion.

It is confessedly true that when an issue between two litigants has been once *decided* it may not be again raised by one of them. That is true in this case.

If this case had gone to the jury on the first trial after the plaintiff's witnesses had testified, and if the jury had found for the defendant, that surely would have been the end of it. There cannot be two opinions about that.

How is the case altered that the Court found the truth of the answer, to wit: that there was only one inference to be drawn from the plaintiff's testimony, and that was the plaintiff himself did the act, or what amounts to the same thing, combined and concurred in its accomplishment.

The Court so found, and this Court affirmed that judgment, and found the same thing; and the finding was made upon testimony. It makes no difference that it was testimony offered by the plaintiff; it was testimony which established a fact, and the judgment found the fact.

The plaintiff could not in the case first stated have, thereafter, renewed the controversy by swearing other witnesses to make a different and stronger proof of his allegations.

Does a like conclusion follow in the second stated case where the defendant says at the close of the plaintiff's testimony, "You have not proved your case, and *you have proved my case*," and the Court *holds both;* that is to say, when the plaintiff's testimony stops short of a mark set in the complaint, a nonsuit so holding means nothing; and the controversy about the transaction may be renewed. But when the plaintiff's testimony not only stops short of the mark set by the complaint, but proves as matter of law the mark set by the answer, and the Court so holds, why does not that end the controversy?

The judgment of the Court in such a case as that last stated may be called a nonsuit, but that is a misnomer; it is a determination of the rights of the parties to the action,

according to the plea and the testimony, and it ought to be final.

The view here stated was announced in the Morrow case (84 S. C. 224, 66 S. E. 186, 19 A. & E. Ann. Cas. 1009) ; but the concurrence of the Court there was only in the result; so the record does not show if the Judges agreed to the announcement.

But the same principle was plainly stated in the Hodge case (90 S. C. 229, 71 S. E. 1009).  There a plaintiff sued upon a tort and alleged the transaction; and upon demurrer it was held that the allegations of the complaint showed affirmatively that the plaintiff was not entitled to recover.

The plaintiff sued again on the same transaction, and this Court held that the order in the first case was a bar to the second action.

How is the matter altered in the instant case that the witnesses, and not the complaint, showed in the first action that the plaintiff had no good cause of action?

Under the doctrine of the Hodge case, if Murphy had set up in the first complaint the facts which were proven by the witnesses; and had the Court held that those allegations created no cause of action, that would have concluded the second action.  There is no difference in reason that the vital and defeating fact of the plaintiff's negligence is shown by the mouth of the witness and not by the pleadings.

An examination of the cases cited by Mr. Justice Woods, in his separate opinion in the Morrow case do not, we venture to think, sustain the view announced by him.  The facts of those cases did not call for or warrant it.

The only case in our own reports, to which we have been cited, which seems to hold against our view is that of Lyon (84 S. C. 364, 66 S. E. 282).

But in that case this Court itself ordered the case to be retried; it could not, therefore, deny the lawfulness of that which it had ordered done.

Here, on the contrary, this Court has held five years ago, that the plaintiff, by his own day in Court, and on his own proof had no cause of action.

On plain principles of good sense, we ought not now in effect to hold the contrary.

The majority, however, conclude: "That the case is governed by *McCown* v. *Muldrow*, 91 S. C. 523, 74 S. E. 386, and the cases cited by appellant." (PER THE CHIEF JUSTICE.) Also, "that the nonsuit was granted in the former action upon consideration of the effect of evidence (89 S. C. 15, 71 S. E. 296). The judgment of nonsuit is not a bar to this action because the evidence at the two trials is materially different. Where the pleadings show affirmatively that the plaintiff cannot recover, judgment on demurrer is a bar to a second action on the same pleadings remanded. (Hodges case, 90 S. C. 299, 71 S. E. 1009.) But not so if the pleading be amended so as to show a right to recover. So, where the evidence fails to prove the cause of action alleged, or shows affirmatively that plaintiff is not entitled to recover, a judgment of nonsuit is a bar to a second action upon substantially the same evidence. But if the evidence be amended in the second action, so as to show a right to recover, the former judgment is not a bar." (PER MR. JUSTICE HYDRICK.)

Also, "That when the plaintiff has closed his case, the defendant may proceed with his evidence; he may move for a nonsuit or he may say, 'I have no evidence,' and move for the direction of a verdict. If he adopts the first, he takes the chance of making out the plaintiff's case by his (defendant's) witnesses. If he adopts the third, he must stand or fall by the plaintiff's showing. If he adopts the second, he may throw the plaintiff out of Court on plaintiff's own showing. If he fails in this, he may still proceed and make his defense. The defendant thus has two chances of success to the plaintiff's one. If the defendant goes into his defense or asks for a directed verdict the treatment of the

two is equal and just. If the defendant moves for a non-suit, then we are told that the result may be final, if in favor of the defendant, but not final if in favor of the plaintiff. This rule would be unequal and unjust. Of course, on these allegations and this proof as made, it is final, but only on these allegations and this proof. As after an adverse decision the defendant may have another chance to prove his defense, so after adverse decision, the plaintiff may have another chance, if he has other allegations on other evidence.

A different rule would make a judgment of nonsuit, a final judgment. Now, a final judgment in *res adjudicata* not only as to what was in actual litigation, but is final as to what might have been litigated and was not. A judgment of nonsuit would, therefore, in all cases, be *res adjudicata*. There would be no difference between a nonsuit and a directed verdict.

It seems to me, that the statement that a judgment of nonsuit is only an adjudication on these allegations coupled with this proof, is a correct statement of the rule. This case does not fall within the rule, and I think the judgment appealed from should be reversed." (PER MR. JUSTICE FRASER.)

2. If the order of nonsuit in the former action does not bar this action, and the Court now so holds, then the writer of this opinion agrees that the testimony at the trial now under consideration differs in character and in quantity from the testimony at the former trial.

At the former trial the plaintiff swore only three witnesses and the defendant swore none. At the instant trial the plaintiff swore six witnesses and the defendant swore two. And at the former trial the "switch list" was not in evidence; but at the instant trial it was in evidence.

At the former trial Corn was not sworn; but at the instant trial he testified. It was to him the switch list was delivered by Murphy when he left for a few minutes his post of duty; and it was Corn who continued the task of breaking

up No. 82, the incoming train, and building up No. 72, the outgoing train.

This new testimony was directed to omissions suggested by Mr. Justice Woods in his opinion at 89 S. C. 22, 71 S. E. 296. It tended to show, that the switch list was the chart for Corn's action, and he had no discretion to depart from it; and that Murphy acted on the assumption that Corn would follow that chart.

3. We are also of the opinion that the whole testimony forbade the Circuit Court to either grant a nonsuit or to direct a verdict for the defendant, either upon the ground of no evidence of defendant's negligence, or of proof of plaintiff's negligence, or of plaintiff's assumption of risk, or of proof of the negligence of a fellow servant.

There is testimony tending to convict the defendant of negligence. The testimony relevant to all these issues lies within a narrow compass. As to all of them it tends to show, and such is the essence of it, that the incoming train was standing on the lead track headed toward Charlotte; that the tail cars of it were destined for Charlotte; that track No. 2 is that upon which such cars ought to have been put; that track No. 3 is that upon which such cars ought not to have been put; that when Murphy delivered the switch list to Corn to continue the work in Murphy's temporary and enforced absence, Corn had instructions, from Murphy and from the switch list, to pull back the Charlotte cars past the junction of the lead track and No. 3, and to shove them into track No. 2; that as they were pulled back, and when they reached the junction of the lead track and No. 3, instead of passing that point and going to the junction of the lead track and No. 2, the Charlotte cars were kicked into No. 3; that Murphy had directed the contrary, and had no reason to expect a present movement of cars standing dead on No. 3; and while passing between dead cars on No. 3, they were struck by the Charlotte cars, and he was hurt.

The same testimony did not warrant the Court to conclude that Murphy was negligent under these circumstances in passing between what appeared to be dead cars.

Nor that Murphy assumed that risk, for it was not patent but latent. Nor that Murphy has lost his right, because the wrongful act was done by a fellow servant of his.

On that issue of law there was no need to amend what was said by Mr. Justice Hydrick on the former appeal. 89 S. C. 211, 71 S. E. 296.

We are, therefore, of the opinion, that the order of the Circuit Court must be reversed; with direction to enter judgment for the plaintiff for two thousand two hundred and fifty ($2,250) dollars as by the stipulation it was agreed to do; it is so ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and FRASER concur in the opinion of the Court.

MR. JUSTICE WATTS, *dissenting.* I dissent on substantially the grounds stated by MR. JUSTICE GAGE.