## 9511

### PARKER v. VICTORIA REAL ESTATE CO.

(89 S. E. 1068.)

1. JURY—RIGHT TO JURY TRIAL—TITLE.—In an action for possession of land, where the complaint did not allege any facts entitling plaintiff to equitable relief, but alleged that he was the owner in fee of the land therein described, and that the defendant trespassed thereon, and prayed for judgment for the possession of the land together with damages, it was error to admit evidence tending to show right to equitable relief on trial before a jury.

2. EJECTMENT—TITLE—EQUITABLE ISSUE—AMENDMENT.—In such action, and before the Judge, in the exercise of his chancery powers, could determine the rights of the parties, it was necessary as a preliminary step that the plaintiff should amend his complaint by stating in plain and concise manner the facts upon which he relied for equitable relief.

3. APPEAL AND ERROR—POWER OF COURT—AMENDMENT OF PLEADINGS.—In such action, the Supreme Court, on appeal, had the power to order the amendment.

4. APPEAL AND ERROR—AMENDMENT OF PLEADINGS—POWER OF COURT—
REMAND.—The Supreme Court, on appeal, might remand the case
to the Circuit Court to enable the plaintiff to make a motion to
amend his complaint by stating the facts upon which he relied for
equitable relief.

5. JUDGMENT—DISMISSAL ON APPEAL—RES ADJUDICATA.—The dismissal
of the complaint on the ground that there was error in the Circuit
Court's refusal to direct a verdict for defendant would make the
rights of the parties *res adjudicata* and destroy the opportunity for
determining the equitable rights of the plaintiff.

Before PRINCE, J., Orangeburg, October, 1915.   Reversed.

Action by James L. Parker against the Victoria Real
Estate Company.   Judgment for plaintiff, and defendant
appeals.

*Messrs. Raysor & Summers* and *Adam H. Moss,* and *T.
M. Mordecai* and *Julian Mitchell,* for appellants, argue the
following exceptions: (1) *The Court erred in permitting
declarations made by the plaintiff as to his possession,
because the Court erred in permitting the plaintiff, Parker,
to testify in derogation of his own title in an action in which
he was a party plaintiff:* 54 S. C. 127, 83 S. E. 388.   (2)
*Because the Court erred in permitting the plaintiff to testify
that his solemn deed in fee simple was other than what it
appeared to be on its face, and that the deed was made in
trust, and allowed him to give oral testimony as to an express
trust.*   (3) *Because his Honor erred in permitting the
plaintiff to testify in derogation of his solemn deed given
twenty-seven (27) years before, and without any explana-
tion or reason why he had not taken any action sooner, and
in not holding that the plaintiff was estopped by his own
laches.*   (4) *Because his Honor erred, having held that no
testimony could be given to show that the deed was other
than it appeared on its face to be unless distinct notice had
been given to each one in the chain of title, including the*

*Victoria Real Estate Company, and then permitting such
testimony to be given before such notice had been proved:*
14 S. C. 312; 83 S. C. 339; 1 Cyc. 1039; 77 S. C. 129; 78
S. C. 520; Abbott's Trial Ev. 638.    (5) *Because his Honor
erred in admitting testimony to prove the deed other than it
appeared to be on its face when no notice had been proved
to the defendant prior to its purchase of the property, and
the defendant stood in the position of a bona fide purchaser
for value, and no testimony should have been admitted
affecting its rights under its deed.*    (8) *Because the pre-
siding Judge erred in allowing testimony to the effect that
the deed from plaintiff was other than what it purported on
its face to be, to wit, a fee simple deed, the plaintiff's com-
plaint alleging only that he was the owner in fee of the
property sued for and not setting out any of the facts upon
which he relied for a recovery, to wit, that the said deed
was in trust and of which fact no notice was by the plead-
ings given defendant, and it was error to allow testimony
to sustain such facts which were not set up or alleged in the
plaintiff's complaint, and of which the defendant had no
notice.*    (4) *Because the Court erred in not holding that
no trust could be created of the land sued for, unless the
same was manifested and proved by some writing signed by
the party enabled to declare such trust, or else it was utterly
void, and the Court erred further in permitting testimony
to show a trust created other than by a writing:* 78 S. C. 490.
(9) *Because the Court erred in permitting parol testimony
to show that a deed, fee simple on its face, was given in
trust, which could only be created by some writing.*    (11)
*Because his Honor erred in allowing oral testimony to estab-
lish an express trust of real estate, which can only be created
by some writing signed by the party to be charged therefor.*
(7) *Because his Honor, the presiding Judge, erred in refus-
ing to charge as follows: "The defendant requests the Court
to charge the jury that in this case the deed from Parker to
Badham conveyed a title in fee simple without any trusts*

*whatever, which title he could by proper deed convey, because no trust was set out in the deed from Parker to Badham, and, therefore, your verdict must be for the defendant, unless the plaintiff has acquired title by adverse possession since the deed from him:* Section 3676, Civil Code 1912, volume I." (10) *That the Court erred in not sustaining defendant's contention that the plaintiff was estopped by his own laches from any recovery in this action, there being no explanation of the failure to bring the action for twenty-seven (27) years:* 83 S. C. 329. (12) *Because the plaintiff, having parted with his title, could not rely or set up his own possession as against his grantee and those claiming under him unless and until he had made a positive disclaimer and given notice that his possession was adverse and hostile, and then such possession would only run as to the actual possession of such land as he might be in possession of, there being no constructive possession under such circumstances:* 77 S. C. 129.

*Messrs. Wolfe & Berry, Brantley & Zeigler* and *R. E. Copes,* for respondent, cite: *As to admissibility of declarations:* 16 S. C. 135; 48 S. C. 485; 1 Greenleaf Ev. (15th ed.) 163; Jones Ev. 306, 442; 58 S. C. 370; 68 S. C. 106; 19 S. C. Eq. 582; 20 S. C. L. 403; 26 S. C. 310; 33 S. C. 35, 36; 71 S. C. 151. *No objection taken to testimony at proper time renders it admissible:* 13 Enc. Ev. 118; 13 S. C. 457; 24 S. C. 592. *Creation of trust by parol:* Perry Trusts (5th ed.), sec. 79; Greenleaf Ev., p. 362; 6 S. C. Eq. 130; 20 S. C. Eq. 363. *As to laches:* 62 S. C. 89; 64 S. C. 298. *Possession as notice:* 22 S. C. 32; 23 S. C. 490; 29 S. C. 147; 78 S. C. 499. *Proof of fraud:* 33 S. C. 35; 58 S. C. 370; 50 S. C. 293; 71 S. C. 280, 285. *Proof of collateral agreement:* 68 S. C. 106; 26 S. C. 304, 310, 312, 315; 31 S. C. 313, 319; 72 S. C. 362; 94 S. C. 237; 90 S. C. 454; 89 S. C. 73; 79 S. C. 459; 65 S. C. 134; 68 S. C. 523, 527; 61 S. C. 166. *Laches:* 82 S. C. 266; 43 S. C. 441; 62 S. C.

89; 64 S. C. 298; 90 S. C. 103; 97 S. C. 216. *Possession as notice of equity:* Civil Code, secs. 2457 and 3543; 86 S. C. 468; 22 S. C. 32; 23 S. C. 490; 29 S. C. 147; 78 S. C. 499. *Execution of trust:* Civil Code, sec. 3673; 29 S. C. 135; 36 S. C. 397; 53 S. C. 6; 75 S. C. 15; Perry Trusts (5th ed.) 298, 305, 521; 23 S. C. 274; 18 S. C. 184; 46 S. C. 522; 51 S. C. 271.

September 15, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to recover possession of the land described in the complaint, and damages for alleged trespasses by the defendant. The defendant denied the alleged ownership of the plaintiff, and set up the defenses of adverse possession, and presumption of a grant. The jury rendered a verdict in favor of the plaintiff for the land in dispute, and $30 damages, and the defendant appealed.

At the time of the commencement of the transactions out of which this action arose, the plaintiff was the owner of a tract of land, containing about 198 acres, and known as the "home tract;" also of another plantation containing about 1,480 acres, and known as "Powell Bay," which latter is the tract of land in dispute. On the 31st of January, 1885, the plaintiff executed a mortgage on the Powell Bay tract, for $1,000, in favor of Bollman Bros., between whom and the plaintiff there had existed the relation of factor and planter for several years, and the said sum represented the balance then remaining due, and other advances thereafter to be made to the plaintiff. In 1886, the plaintiff purchased from V. C. Badham, agent for Talbott & Sons, a sawmill and ginnery for about $1,800, and, in order to secure the payment thereof, executed a mortgage on said machinery, and on his home tract of land, in favor of Talbott & Sons. The plain-

tiff failed to pay the said indebtedness, and the mortgage was foreclosed. At the sale of the home tract of land, V. C. Badham was the highest bidder, and it was conveyed to him on the 7th of March, 1887. On the 19th of March, 1887, the plaintiff conveyed to V. C. Badham the Powell Bay tract. On the 2d of March, 1888, Bollman Bros. wrote a letter to the plaintiff, stating that they had good titles to his home tract, which must have been conveyed to them by V. C. Badham. It seems, however, that the home tract was afterwards conveyed to the plaintiff's wife. On the 6th of November, 1888, V. C. Badham conveyed the Powell Bay tract to Bollman Bros. It appears upon the face of successive conveyances that the legal title to the land in dispute is now in the defendant.

James L. Parker, the plaintiff, testified as follows:

"Q. Down at Eutawville, at Mr. Wiggins', did you give Mr. Badham a paper? Tell us about that. Tell us what, if anything, you and Mr. Badham did at Mr. Jeff Wiggins' office in Eutawville? A. Mr. Badham came to my house and said that if I would give him titles to the Powell Bay tract, that he knew where he could sell it, and that if we did that, he would give us titles to the home place back. It was sold at Mt. Pleasant, and Mr. Badham bought it in. He just wanted the power to sell the Powell Bay tract. We gave him power to sell it, and he was to give us the home place back, and he was to pay Bollman what I owed him, and if there was any overplus he was to give it to me. I gave Mr. Badham the titles to the Powell Bay. He considered it, giving him power to sell it—to sell the Powell Bay tract that Bollman had the mortgage on. Badham had bought my home place in, and he promised to sell the Powell Bay tract and give me the home tract back, and pay Bollman up what I owed him, and if there was any overplus, he was to give it to me. Q. That was your agreement? A. Yes, sir. Q. On that agreement did you sign the title? A. Yes, sir."

Several letters from V. C. Badham to the plaintiff were introduced in evidence, which tended to show that the conveyance made by the plaintiff to V. C. Badham of the Powell Bay tract of land, although purporting on its face to be absolute, was intended, in part at least, as security for the payment of the plaintiff's debts, and that Badham was empowered to sell the land for that purpose.

At the close of the testimony, the defendant made a motion for the direction of a verdict, on the following grounds:

"First. The testimony for the plaintiff shows that, under his contention, the deed from Parker to Badham was not a security for a debt, but a deed in trust, upon the explicit trust of selling the property, and any deed from Badham would convey the fee, and the purchaser would not have to look to the carrying out of the trust.

"Second. There has been no notice shown to either Bollman Bros., Bollman Bros. Company, or to the Victoria Real Estate Company, that the deed from Parker to Badham was anything else but an absolute conveyance.

"Third. Even under the contention of plaintiff, the contract made with Badham was carried out, and he fulfilled his trust."

In refusing the motion, his Honor, the Circuit Judge, stated the following reasons:

"The Court: I think that there is testimony to show that that deed that was made to Badham by the plaintiff was in the nature of a deed of assignment. The testimony shows that Badham took the property in trust to sell. If the debts that the deed was made to secure the payment of were paid by the assignor, then the plaintiff would reacquire title. The title was cast back on him by operation of law. There is no testimony in the case tending to show that the debt to Bollman was paid, at the time Badham sold the land, but there is testimony tending to show that Bollman knew on what trust Badham had the land, and it is true that they had

a mortgage on the land, and when they took the deed from Badham for $25, that was a mere nominal consideration."

The first question that will be considered is whether there was error on the part of his Honor, the Circuit Judge, in allowing the plaintiff to introduce testimony tending to show that he was entitled to equitable relief on a trial of the case before a jury. The complaint does not allege any facts, entitling the plaintiff to equitable relief. It simply alleges that the plaintiff is the owner in fee of the land therein described; that the defendant trespassed thereon; and prays for judgment for possession of the land, together with damages. In the case of *Keenan* v. *Leslie,* 79 S. C. 473, 60 S. E. 1114, it was held that, in an action for possession of land, where the pleadings raise only legal issues, it is error to submit to the jury the equitable issue of title, although proof had been admitted pro and con, on that issue. That case is conclusive of this question.

We proceed to determine whether there was error on the part of his Honor, the Circuit Judge, in refusing the motion of the defendant for the direction of a verdict. In the case of *Parker & Co.* v. *Jacobs,* 14 S. C. 112, 37 Am. Rep. 724, the plaintiff brought an action to recover the possession of certain personal property, upon which the defendant had levied, under an execution against Ward & Hinson, the property being claimed by the plaintiff, under a mortgage executed by Ward, one of the members of that firm. There were no equitable issues raised by the pleadings, and on the trial the plaintiffs failed to show that they were the legal owners of the property, but relied upon an equitable title. The presiding Judge ordered a nonsuit, which on appeal was reversed by the Supreme Court. That case was thus explained by the Supreme Court in *Keenan* v. *Leslie,* 79 S. C. 473, 60 S. E. 1114.

"The case of *Parker & Co.* v. *Jacobs, supra,* relied on by appellant, is not in real conflict with the authorities following the rules stated in *Adickes* v. *Lowry* (12 S. C. 97). *Parker* v. *Jacobs* decides that a plaintiff under the Code can enforce an equitable right to property in dispute under a form of action which seeks relief formerly obtainable only in a Court of law, and, therefore, it was error to nonsuit a plaintiff who, in an action to recover the possession of personal property, established an equitable title thereto. The meaning of the case was that one showing an equitable title should not be thrown out of Court. This is perfectly consistent with the rule in *Adickes* v. *Lowry* that equitable issues must be tried by the chancellor and not by the jury. Therefore, when one raises an equitable issue by his pleadings, the proper practice is to have the Judge sitting as chancellor pass thereon and not seek to have such issues submitted to a jury as matter of right. In this way both legal and equitable issues may be tried in the same action before an appropriate tribunal without turning the party out of Court."

The ruling of the Court must be construed with reference to the facts of the particular case. Therefore the ruling of the Court in the case of *Parker & Co.* v. *Jacobs, supra,* must be viewed in the light of the fact that there were no allegations in the complaint, entitling the plaintiff to equitable relief, and that the right to such relief appeared alone in the testimony. There can be no doubt that the Court intended that some effect should be given to the equitable rights of the plaintiff, although the facts constituting their right to equitable relief were not alleged. As already stated, "the meaning of the case was that one showing an equitable title should not be thrown out of Court." As the equitable rights could not be decided by the jury, it necessarily follows that they were to be determined by the Judge sitting as a chancellor. But before the Judge, in the exercise of his chancery powers, can determine the rights of the parties, it is necessary, as a

preliminary step, that the plaintiff should be allowed to make a motion to amend his complaint by stating in a plain and concise manner the facts upon which he relies for equitable relief, or this Court itself should grant the right to amend. This proposition is not inconsistent with *Keenan* v. *Leslie,* 79 S. C. 473, 60 S. E. 1114, in which it was held that, in an action for possession of land, where the pleadings raise only legal issues, it would not be proper to submit to the jury the equitable issue of title, even when there was testimony, pro and con, on that issue. The plaintiff cannot, however, under those circumstances, be turned out of Court.

The case of *Haygood* v. *Boney,* 43 S. C. 63, 20 S. E. 803, as well as numerous others that might be cited, clearly shows that this Court has the power to order the amendment, or it can remand the case to the Circuit Court for the purpose of enabling the plaintiff to make a motion to that effect.

If the complaint should be dismissed on the ground that there was error in the refusal to direct a verdict, the rights of the parties would thereby become *res adjudicata,* and the opportunity for determining the equitable rights of the plaintiff would be destroyed. *McCown* v. *Muldrow,* 91 S. C. 523, 74 S. E. 386, Ann. Cas. 1914a, 139; *Murphy* v. *Railway,* 102 S. C. 509, 87 S. E. 310. Such a result would be directly antagonistic to the ruling in the case of *Parker & Co.* v. *Jacobs,* 14 S. C. 112, 37 Am. Rep. 724, as construed in *Keenan* v. *Leslie,* 79 S. C. 473, 60 S. E. 1114, and to the case of *McCown* v. *Rucke,* 88 S. C. 180, 70 S. E. 455.

It is not proper at this time that any of the other exceptions should be considered.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for the purpose of enabling the plaintiff to make

a motion to amend his complaint, so as to allege the facts
upon which he relies, to show that he is entitled to equitable
relief.

MESSRS. JUSTICES WATTS, FRASER and GAGE, concur in
the opinion of the Court.

MR. JUSTICE HYDRICK concurs in the result.