## 9636

### McFADDEN v. CLARK ET AL.

#### (91 S. E. 799.)

Parties—Trustee of Express Trust—Foreclosure—Master as Party Plaintiff.—Where decree provided that bonds representing interest payments of mortgage which was the share of minor defendants were to be executed and delivered to the master to be held until infants' majority or to be turned over to their duly authorized guardian, and that bonds which were the share of adult defendants be assigned to them by the master, the master was not a trustee of an express trust within the statute, and was not a proper party plaintiff to foreclose the mortgage, being merely a custodian thereof.

Before Smith, J., Columbia, May, 1916.    Reversed.

Suit by A. D. McFaddin, master, against Washington Clark and another, for foreclosure of a mortgage given the master to secure the purchase money for lands sold by him. Order overruling objection by defendants to plaintiff's right to bring action, and defendants appeal.

*Messrs. H. N. Edmunds* and *Logan & Graydon,* for appellants.

*Mr. Edmunds* cites: Code Civ. Proc., secs. 160, 162. *As to method of objection:* 6 S. C. 119; 13 S. C. 430; 54 S. C. 227. *Issue as to real party in interest:* 45 N. Y. 468; Pom. Code Rem. (4th ed.), secs. 66, 525, 533, 547.

*Messrs. J. Hughes Cooper* and *James S. Verner,* for respondents, cite: *As method of objection:* 69 S. C. 40; 72 S. C. 39; 65 S. C. 116; 29 S. C. 63; 31 S. C. 313; 32 S. C. 553; 35 S. C. 372; 40 S. C. 36; 41 S. C. 16; 65 S. C. 116; 73 S. C. 505. *Trustee of express trust:* 64 S. C. 509; 80 S. C. 466.

March 12, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The plaintiff is not the owner and holder of the bonds and mortgage complained upon. He has no interest whatsoever therein. He has no right to maintain the suit. He is not the real owner, but merely the custodian of the bonds and mortgage. He is not the trustee of an express trust, and this is not such a case as he is authorized by statute to sue.

The decree of the Court under which the sale was made whereby he acquired the bonds and mortgage is as follows:

"That the bonds representing the deferred payment of the interest as may be ascertained to be the shares of the minor

defendants, Marion Earle Turner and Margaret Smiley Turner, were to be executed and delivered to the master for Richland county to be held by him for such minors until they become of age or to be turned over by him to a duly appointed guardian on their behalf. That the bonds representing the deferred payment of the interest as may be ascertained to be the shares of the adult plaintiffs herein be executed and delivered to the master for Richland county, and that the same be forthwith assigned to them by said master according to their respective rights therein. The proceeds of the said sale and the interest on the deferred payment represented by the bonds and mortgages above referred to shall be distributed and assigned among the parties hereto as follows: Jas. E. Turner, 1-3 thereof, and to each of the following children, to wit, C. W. Turner, J. A. Turner, J. T. Turner, O. E. Turner, Clyde Turner, Marion Earle Turner and Margaret Smiley Turner, 2-21 each upon the execution and delivery to the master for Richland county of the bonds and mortgages above mentioned and the payment to him of $5,000 in cash."

The record in the case further shows the following: This judgment roll No. 10892 (*Jas. E. Turner, Plaintiff,* v. *Marion Earle Turner et al., Defendants*) showed that the bonds and mortgages sought to be foreclosed in this action were executed pursuant to a decree of the Court of Common Pleas for Richland county taken in an action which was commenced for the purpose of securing authority from the Court to convey to the defendant, Washington Clark, the real estate covered by said mortgages, which was part of the estate of Lavinia E. Turner, who died intestate, leaving as her only heirs at law the parties to the action of *Turner* v. *Turner* above referred to, two of whom were infants. In order to convey the interest of the infants in said property application was made to the Court in the said case of *Turner* v. *Turner.*

This conclusively shows that the master is merely a custodian of the securities. It is not his business to collect them, and his institution of the suit is without authority of law. It is not his business to collect for the adult parties. That is their affair, and he cannot institute the suit for the infants, as the decree requires him to hold them for them until they become of age, "or to be turned over by him to a duly appointed guardian on their behalf." The cash portion at the sale was $5,000, which was distributed as provided for by the decree.

In the decree in this case a large amount is allowed for attorney's fees. It is difficult to conceive how the parties can be benefited by allowing the master to foreclose and how they can be benefited by paying attorney's fees and commissions to the officers of Court. The decree in the former case contemplated that the adults manage their own interests, and that of the minors was protected by the order of Court. The evidence in the case fails to show that the plaintiff is in any manner entitled to maintain this suit. He has no authority from any one interested therein and no order from the Court. He is merely a custodian of the securities and a volunteer in the matter without authority of law to bring the action, and I think the judgment should be reversed, and the complaint dismissed.

Judgment reversed.

Messrs. Justices Gage and Hydrick concur in the opinion of the Court.

Mr. Chief Justice Gary, *dissenting.* This is an appeal from an order overruling the objection interposed by the defendants that the plaintiff did not have the right to bring the action, to foreclose the mortgage given to secure payment of the bonds hereinafter mentioned, on the ground that he was not the real party in interest. The plaintiff contended that such an objection could not be entertained, unless it was

made by demurrer or answer; and his Honor, the Circuit Judge, so ruled.

In the present case the question whether the plaintiff is the real party in interest is very important, as it is contended by the defendants that the bringing of this action by the plaintiff is in violation of the previous orders of the Court, in the proceedings out of which this action arose, which provide that the bonds representing the shares of the minors be delivered to the master for Richland county, to be held by him for such minors until they become of age, or to be turned over by him to a duly appointed guardian on their behalf; and that the bonds representing the shares of the adults be delivered to the master for Richland county, and that the same be forthwith assigned to them by said master, according to their respective rights therein. Furthermore, it occurs to the Court that the question may hereafter arise as to the liability of the plaintiff, in his official capacity, for any losses that may be sustained under these proceedings, if he should be allowed to proceed with the action.

In the case of *Parker* v. *Victoria Co.,* 105 S. C. 375, 89 S. E. 1068, the Court used this language:

"The case of *Haygood* v. *Boney,* 43 S. C. 63 (20 S. E. 803), as well as numerous others that might be cited, clearly shows that the Court has the power to order the amendment, or it can remand the case to the Circuit Court for the purpose of enabling the plaintiff to make a motion to that effect."

Under the peculiar circumstances of this case, we deem it advisable to order that the defendants be allowed to amend their answers, so as to present the question under consideration in proper form.

Mr. Justice Fraser concurs in the dissenting opinion.